JACOB P. GRIFFIN, Administrator, &c. *v.* ANDREW L. LOWER.

1. EVIDENCE: WITNESS: COMPETENCY OF PARTY TO TESTIFY IN HIS OWN BEHALF
   AGAINST A DECEDENT.—A party cannot be a witness in his own behalf, in a
   suit instituted by or against himself in the Circuit Court, to establish his own
   claim against a deceased person to any amount. The proviso to Art. 190, p.
   510, of the Revised Code, which allows a party, to establish by his own oath his
   claim against a deceased person, to an amount not exceeding fifty dollars,
   applies alone to suits before justices of the peace.
2. SAME: SAME.—The proviso to Art. 190, p. 510, of the Revised Code, which
   prohibits a party from establishing by his own oath, his claim against a de-
   ceased person, to an amount exceeding fifty dollars, excludes him as a witness
   to defeat a claim in favor of a decedent, by proving payment, failure of con-
   sideration, usury, &c.
3. CIRCUIT COURT: JURISDICTION: WHEN PLAINTIFF NONSUITED WHERE LESS SUM
   THAN FIFTY DOLLARS IS SHOWN TO BE DUE.—When a suit is brought in the
   Circuit Court for a greater sum than fifty dollars, but a less sum is shown to be
   due, the plaintiff will not be nonsuited, unless it also appear that suit was brought
   for a greater sum, on purpose to evade the act requiring suits for sums under
   fifty dollars to be brought before a justice of the peace.

ERROR to the Circuit Court of Panola county. Hon. Joel M.
Acker, judge.

*Houston* and *Reynolds*, for plaintiff in error.

*Hugh R. Miller*, for defendant in error.

HARRIS, J., delivered the opinion of the court.

Plaintiff in error commenced this action to recover the amount
of a writing obligatory for fifty-four dollars, executed to him as
administrator, and dated 11th February, 1853, and due the 10th
of January next thereafter.

The defendant answered in short by consent, setting up payment,
usury, and want of consideration, upon which issues were joined.

Plaintiff read the writing obligatory to the jury, and thus rested
his case.

The defendant was then introduced as a witness, to prove that
the writing obligatory sued on was given for ninety bushels of corn,
sold by plaintiff's intestate, in his lifetime, to one Province, the other

joint maker of said writing obligatory, at fifty cents per bushel; that said note was given to the administrator of said intestate some time after said sale; and that the administrator added to the amount due for the corn ten per cent. interest, as witness understood, for giving time on the debt.

To the introduction of this testimony the plaintiff excepted, and there being no other testimony on either side, the court instructed the jury, at the request of defendant's counsel, " that if they found a less sum than fifty dollars to be due to plaintiff from defendant, they must find their verdict for defendant generally." And to this charge of the court plaintiff also excepted.

The jury found a verdict of one cent damages for the defendant. A motion was thereupon made for a new trial; the motion overruled, and exceptions taken and filed, and the cause brought to this court by writ of error.

The first error assigned is, that the court erred in permitting the defendant to testify in his own case " against the estate of a deceased person."

By art. 190, sec. 17, Code, 510, no person, whether a party to the suit or otherwise, shall be incompetent, by reason of interest, to give evidence in any cause, &c. " *Provided,* that no person shall be a witness in any suit, *by* or *against* himself, to establish his own claim, to an amount exceeding fifty dollars, *against the estate of a deceased person.*"

The proviso just quoted clearly intended to declare, that the act should not apply so as to permit a party to be a witness in a suit *by himself,* to establish his own claim to an amount greater than fifty dollars, against the estate of a deceased person. Nor should it apply so as to permit a party *defendant,* to be a witness in a suit " *against himself,*" by the representative of a decedent's estate, so as to discharge himself, by proof " to establish his own claim," as by way of offset or payment, to an amount exceeding that sum.

Prior to the passage of this act, it was competent for either party in the *justices' court,* to prove his claim by his own oath, after making oath that he had no evidence to establish it, in his power to procure. By article 18, p. 408, of the Code, this rule was changed so as to make the parties competent witnesses for themselves, or against themselves, if required by the opposite party.

The object of the proviso to article 190, p. 510 of Code, was to protect the estate of deceased persons against the operation of that article ; and, at the same time, to make no change in article 18, p. 408, in relation to the powers or rights thereby conferred in *justices' courts,* and which had existed substantially for a long period, under previous laws, making the parties competent witnesses in that inferior jurisdiction, even against the estates of decedents.

The amount specified ("*fifty dollars*") is referred to in the proviso as a jurisdictional exception, existing already in *justices' courts,* and was not intended to introduce into the Circuit Court a new practice, not commensurate with its jurisdiction.

It was certainly not designed, where the *sum* claimed to be established by the party's own oath was part of a much larger sum, depending on the same grounds, or evidence, that the plaintiff in that case should, by his own oath, be allowed to carve out just fifty dollars in the Circuit Court, and recover that sum, leaving the residue for subsequent legal speculation.

It is admitted by counsel for defendant, that the act intended to exclude one party, when the other, being dead, could not confront him.    But it is insisted that the defence related *alone,* to what was done by the administrator when the note was executed.

The testimony of the defendant went much farther than this ; it established the contract between the decedent and his co-maker for the corn, the price, and quantity.

We think this testimony should have been excluded.

The next assignment of error which it is material to consider, arises on the instruction asked by the defendant, and given by the court, " That if this jury find a less sum than fifty dollars to be due the plaintiff from the defendant, they must find for the defendant generally."

Article 33, Code, 483, provides, that "if a suit shall be brought in any Circuit Court for a less sum than the court can take cognizance of ; or if a greater sum than is due shall be demanded, *on purpose to evade this act,* the plaintiff shall be non-suited, and pay costs," &c.

. The charge omits both contingencies embraced in the statute. The record shows that the suit was not brought "*for a less sum*

*than the court could take cognizance of."* The obligation declared on is for $54. The only remaining ground upon which the court was authorized to instruct, as in case of non-suit, was, if a greater sum was demanded than was due, on purpose to evade the law, it was the province of the jury to ascertain the existence of this fact; and without it, they were bound to return their verdict for whatever sum they found to be due the plaintiff. The court, therefore, erred in giving this instruction, without such qualification.

It is evident, that if the testimony of the defendant was held competent, that it could not have legally varied this view of the case; for it would establish that the sum actually due, computing the sum originally due at legal interest, would amount to *more* than fifty dollars at the date of the note.

Let the judgment be reversed, cause remanded, and a *venire de novo* awarded.