## A. H. LAMAR et al. *v.* JOEL WILLIAMS, et al., Admr., &c.

1. PRACTICE : REVIVOR OF SUITS IN NAME OF ADMINISTRATOR : CASE IN JUDGMENT.—The following entry on the minutes of the court—" Death of plaintiff suggested, and leave given to revive in the name of his legal representative when made known, which,is accordingly done in the names of J. W. and W. L.,"—together with a recognition of J. W. and W. L. as plaintiffs in an amended declaration, and in all other subsequent proceedings in the cause up to and including final judgment in the court below, is such a recognition of the right of J. W. and W. L. to represent the deceased plaintiff as will estop defendants from objecting thereto on writ of error in this court.

2. SAME: ENTRY OF JUDGMENT : WHERE VERDICT IS FOR A PART AND AGAINST A PART OF THE DEFENDANTS : CASE IN JUDGMENT.—Where the verdict is in favor of a part of the defendants and against the others, the judgment thereon, if entered against " the defendants" generally, will not be erroneous.   The judgment will be construed with reference to the verdict upon which it is rendered, and it will be held to be against only those defendants against whom the verdict was given.

3. SAME: INSTRUCTION : WHEN NOT ERRONEOUS TO ASSUME A FACT AS PROVEN.—If an instruction be otherwise unobjectionable, it will not be error if it be assumed in it that a fact is proven which is fully established by the proof, and about which there was no contradiction in the evidence.

4. SAME : INSTRUCTIONS : DUTY OF DEFENDANT TO PROVE AFFIRMATIVE DEFENCE.—When there is nothing in the plaintiff's evidence tending to prove an affirmative defence relied on by defendant, it is not improper for the court to charge the jury that it is incumbent on defendant to prove his defence to their satisfaction.

5. MASTER AND SLAVE: RIGHT OF MASTER TO RECOVER FOR DAMAGE DONE BY ANOTHER IN WHIPPING HIS SLAVE.—It is no answer to an action of trespass by the owner of a slave against a person who had whipped the slave without the owner's consent, that the slave so whipped had been guilty of harboring defendant's slave.

6. SAME : INSTRUCTIONS : WHEN IMPROPER INSTRUCTIONS CURED BY ANOTHER WHICH IS CORRECT.—An improper qualification made by the court to an instruction asked is no ground of reversal, if the benefit of the rule of law claimed in the instruction be secured to the party asking it by another instruction which is given, which fully and fairly presents the rule to the consideration of the jury.

7. EVIDENCE : WITNESS : RULE AS TO COMPETENCY OF A PARTY WHERE THE REPRESENTATIVES OF A DECEDENT ARE PARTIES.—The proviso to Art. 190, Rev. Code, p. 510, which prohibits a party from establishing his claim by his own oath against the estate of a deceased person to a greater sum

than fifty dollars, extends not only to cases where the claim sought to be established is a fixed debt, but also to all cases in which the surviving party litigates with the representatives of the deceased party any right or claim whatever; and the survivor in such a suit, where the amount in controversy is over fifty dollars, cannot be a witness to establish any fact in support of his demand if he be plaintiff, or if he be defendant to defeat the demand of the plaintiff. See *Griffin* v. *Lower*, 37 Miss. R. 458.

ERROR to the Circuit Court of Rankin county. Hon. John Watts, judge.

This was an action of trespass by plaintiffs' intestate to recover damage for injuries done to his slave by defendants.

The pleadings are stated in the opinion of the court. The case as it appears from the evidence is substantially this: defendants, Lamar and Kersh, came to the house of Simon Williams, plaintiffs' intestate, and stated to Williams that another slave had charged plaintiffs' slave with harboring a runaway slave belonging to said Lamar, and asked permission of Williams to carry his said slave to a neighbor's house to confront the slave so charging him with harboring the said runaway slave of Lamar. Williams granted the permission as asked, and thereupon defendants carried the slave to a neighbor's and gave him a very severe whipping for the purpose of extorting from him information concerning the said runaway slave. The plaintiffs' slave, in consequence of the whipping and of exposure he suffered in reaching home after the whipping, was confined to his bed about seven weeks, and required the attendance of a nurse and medical assistance. No permanent injury was done to the slave. The physician's bill was one hundred and five dollars.

After the plaintiffs' testimony closed, the defendants, Lamar and Kersh, were offered as witnesses in their own behalf to prove a license from plaintiffs' intestate to whip his slave, and further to prove that the punishment inflicted was not excessive. Upon objection of plaintiff, they were excluded as incompetent witnesses.

The jury found a verdict against Lamar and Kersh for two hundred and sixty-five dollars, and acquitted the other defendants of the alleged trespass.

It is necessary to set out only the sixth instruction given in behalf of defendants, to a proper understanding of the opinion of the Court on the assignments of error which relate to the charges given and refused in the court below.

6th. If the jury believe from the evidence that Lamar gave the negro a reasonable whipping in point of severity, with the assent of Simon Williams, and that subsequently the negro got wet when he could have avoided it, and was thereby made sick, Lamar cannot be held responsible for damage sustained by said sickness.

Defendants, Lamar and Kersh, sued out this writ of error.

*W. P. Harris,* for plaintiffs in error.

*Shelby* and *Harper,* for defendants in error.

HANDY, J., delivered the opinion of the court:

This action was instituted by the intestate of the defendant in error, against the plaintiffs in error, to recover damages for unlawfully seizing and beating a slave belonging to the intestate. Pending the action, the death of the intestate was suggested, and an order was made to revive the suit in the name of his administrators, in whose names it was subsequently carried on and tried.

The defendants below pleaded : 1. Not guilty.   2. Justification by license, and averring agency of the slave in harboring the slave of defendants as the cause of the beating.

Several grounds of error in the record and in the rulings of the court upon the trial are insisted upon, which we will proceed to consider.

The first error insisted upon is, that it does not appear that the suit was revived in the name of the administrators of the intestate ; that no consent was given to make them parties, nor *sci. fa.* issued to bring them in, nor appearance by them.   The entry in the record is these words: "August term, A. D. 1858, death of plaintiff suggested, and leave given to revive in the name of legal representatives when made known, which is accordingly done in the name of Joel Williams and William Lane."

The amended declaration subsequently filed contains averments in the name of "plaintiff's decedent"; and in the proceedings thereafter the plaintiff is stated sometimes as "Joel Williams, admr., &c.," and sometimes as "Joel Williams and William Lane, admrs., &c.;" and in the bill of exceptions as the plaintiffs' intestate. From this it is manifest that the administrators were made parties, and appeared to the suit, and were so treated by the defendants. But the supersedeas bond executed by the defendants is made payable to these administrators as plaintiffs in the judgment. Under these circumstances the objection is without force.

The next objection is, that the judgment is not according to the verdict, there being four defendants and the verdict being that Moore and Lamb were not guilty, and that Lamar and Kersh were guilty, and damages were assessed against the two last; but the judgment was that the plaintiffs recover "*of the defendants* the sum of two hundred and seventy-five dollars, the damages assessed in the verdict." The uncertainty arising from the use of the word "defendants" generally in the judgment is removed by reference to the verdict and the damages assessed, which were only against two of the defendants. The judgment refers directly to the verdict, and has its force according to the verdict.

The next error assigned is upon the fourth and fifth and ninth and tenth instructions given in behalf of the plaintiff. The fourth instruction states the rule, in substance, that if the defendants assert the consent of the owner as a justification for whipping the slave, they must prove the consent to the satisfaction of the jury. This was certainly correct. The defendants had pleaded justification by the consent of the owner to the whipping. There was nothing in the plaintiff's evidence tending to prove such consent; and it was surely proper for the court to tell the jury that it was incumbent on the defendants to prove their own ground of defence to the satisfaction of the jury.

The fifth instruction is, that if the defendants whipped the slave in a cruel and unusual manner without the master's consent, and the injuries sustained by him resulted from said whipping and the exposure the slave was subject to in getting back

to his master, &c., the defendants are liable for damages, &c. It is objected that this instruction assumes the fact as proved that the slave was *injured* and *exposed*. But this was clearly proved, and no prejudice was done to the defendants by the reference made to it in the instruction. Moreover, the instruction must be reviewed with respect to the principle stated in it rather than its reference to facts which are assumed as proved, unless the facts assumed be disputed matters about which there is a failure or conflict of evidence; and the point of this instruction is, that the excuse set up and stated in the instruction is no justification for the whipping and the injuries that resulted from it.

The same may be said of the objection to the ninth instruction, on the ground of its assuming as proved that wrong and injury were done to the slave. In other respects the objection to this instruction is rather to its phraseology than to the substance of the rule stated in it; which we consider correct.

The tenth instruction states that, although the slave harbored the slave of the defendant, that would be no defence to this action, and should not influence the verdict, unless the whipping was by the master's consent and without injury to the slave. This was clearly correct.

The next objection is made to the qualification of the first instruction asked by the defendant. The instruction was, that if the jury believed from the evidence that the slave harbored the slave of Lamar, and that the master directly or tacitly assented to his punishment, and that Lamar did not exceed the punishment due the offence, the plaintiff was not entitled to recover any damages: to which the court added, "unless the slave was injured by said punishment."

This instruction, taken with the modification, is not very clear. It is, however, susceptible of the construction that Williams' consent to the punishment of the slave would not justify a punishment to such a degree as would injure the slave. But no prejudice was done to the defendants by this qualification of the instruction; for the sixth instruction given in their behalf gave them the full benefit of the rule stated in this instruction as asked, and submitted the question presented by it fully to the jury.

It only remains to notice the error assigned on account of the exclusion of the defendants as witnesses in their own behalf.

It is insisted that the defendants were not debarred of the right of testifying by the proviso to Art. 190, Rev. Code, 510, because that proviso applies only to " claims" against a deceased person's estate, involved in a suit by or against the party offered as a witness; and that, the object of the defendants not being to establish any " claim" against the estate of plaintiffs' intestate, they were not within the proviso.

We do not think that the spirit of the statute justifies this position, or that the term " claim" should receive this restricted construction.   If it be interpreted in the mere sense of a *fixed debt* against an estate, such as is contemplated by the statute in relation to the probate of " claims" against a decedent's estate—as is contended in behalf of the plaintiffs in error—a plaintiff in any action *ex delicto* against the estate of a decedent, the cause of which had accrued in his lifetime, or for the recovery of a specific chattel, would have the right to testify in his own behalf; and any defendant sued by the representatives of a decedent for a cause of action which accrued in the decedent's lifetime would be authorized to testify to any thing which would avoid the demand, such as payment to the decedent, set-off, *non est factum*, and the like, because that would not be to set up any " claim" against the estate.   But this is clearly in contravention of the policy of the statute, as it has been recognized by us in the case of *Griffin* v. *Lower*, 37 Miss. R. 458.  The spirit and policy of the proviso appear clearly to be, that a living party, either plaintiff or defendant, in an action in which the representatives of a decedent's estate are a party, shall not be competent to testify in his own behalf to establish his *demand or right*, asserted and relied on in the action, against the estate, if the matter exceed the sum of fifty dollars; because an undue advantage would thereby be given to the living party, by enabling him to testify to matters which took place between him and the decedent, and which, resting entirely in the private transactions of the parties, could not be disproved or explained by reason of the death of the other party.

The ruling of the court on this point was correct; and, upon the whole case, the judgment is affirmed.