## J. H. HEDGES et al. v. S. L. AYDELOTT, use, etc.

NOMINAL PLAINTIFF COMPETENT WITNESS AGAINST ESTATE OF DECEDENT. — In a suit by one for the use of another against the administrator of a deceased person, the nominal plaintiff is a competent witness for the usee.

ERROR to the circuit court of Carroll county. NILES, J.

The indorser of the instrument sued on had died, and his administrator was one of the defendants. He objected to Aydelott, the nominal plaintiff, when offered as a witness to establish the claim sued on, against the intestate, but his objection was overruled, and Aydelott was permitted to testify, and this was assigned for error. There were other errors assigned and argued in the briefs of counsel, but as the court regarded the question of the competency of Ayde-

lott as a witness, as the main one, and devoted its opinion to that, only so much of the briefs as pertains to that question is inserted.

*J. Z. George*, for plaintiffs in error.

The first point is, that the court erred in admitting the nominal plaintiff, as a witness to establish his claim against a deceased person's estate in violation of the statute. By the common law, as it existed in this state till 1851, no party or person interested to the amount of one dollar, or liable for costs, could be a witness in any case. The legislature, in repealing this rule, when both parties were alive, and therefore able to meet each other face to face, saw proper, for obvious reasons, to keep it in full force when one party was dead, so as not to permit a dead man's estate to be affected at all by the testimony of his living adversary. *Audi alteram portem* was applied inflexibly, it being manifest, if any other rule were established, that the greatest injustice would be done. This court has given this statute in favor of exclusion a liberal construction to carry out this policy, in holding that it excluded a party from being a witness to defeat a claim of a decedent against him, when the language of the statute only excludes him to establish his own claim. See Locker v. Gorren, 37 Miss. 458. This decision leaves the common law on the subject of the incompetency of a witness in full force in all cases where the party adverse to the witness' interest is dead.

Is a nominal plaintiff a competent witness in his own favor at common law? The answer to this is the answer to the question under discussion. Starkie says a mere nominal party is not a competent witness. 1 Starkie's Ev. 119. Phillipps says the same. 1 Phil. Ev. 69. Greenleaf sustains the same rule. 1 Greenl. Ev., § 347, *et seq*. The American decisions are to the same effect. Knight v. Packard, 3 McCord, 71; De Wolf v. Johnson, 10 Wheat. 367; Fox v. Whitney, 16 Mass. 161; 4 Wend. 457. The decisions are the same in our state.

Is one who brings a suit for the use of another a party to the suit? In Lee v. Gardner, 26 Miss. 540, suit had been brought for the use of a person who died before judgment, which was rendered in favor of the nominal plaintiff, without amendment of the declaration or review in favor of the usee's representatives, and it was suggested that the judgment was void. The court say :

"The statute on this point provides that, in case of a suit commenced in the name of a person for the use of another, the same shall not abate by the death of the nominal plaintiff, but shall progress to final judgment, etc., in like manner as if brought in the name of the person for whose use such suit was instituted, who shall be liable for the costs of the suit, as in other cases. And in case of the death of the usee before final judgment, it shall be lawful for the party representing such deceased person, or executor or trustee to be entered on the records, in the place of such deceased person." Hutch. Code, 842.

The court continues : "By strictly legal rules the usee is not a party to the action. He is only treated as such by virtue and to the extent of the provisions of this statute. It has reference to two states of case : 1st. Where the nominal plaintiff dies ; 2d. Where the usee dies the nominal plaintiff surviving. The first has no application here. The action survived to the surviving partner of Dart, who continued nominal plaintiff. But, in case of the death of the usee, the nominal plaintiff surviving, does the suit abate ? The statute does not so declare. It merely makes it lawful for the administrator to be entered of record in place of the deceased. * * * It has been held by the court that the name of the usee may be stricken out on motion. 4. Smedes & Marsh. 352. If he were the legal plaintiff, and a necessary party, this could not be done, for it would have the effect to dismiss the suit." And the judgment was held good.

In Archer v. Stamp, 4 Smedes & Marsh. 357, above cited, the court allowed the usee's name to be stricken out. In

Duncan v. Wilson, 2 Smedes & Marsh. 136, an administrator was sued, and the plaintiff offered in evidence his declaration admitting that he had received notice of protest. This was objected to on the ground that the administrator was a competent witness. The court held that the declarations were admissible, unless the defendant was prepared to offer himself as a witness; he could not be compelled to testify.

In Smith v. Elder, 7 Smedes & Marsh. 511, the nominal plaintiff was permitted to testify, though objected to by the usee. The court says: "His testimony told against himself, and, if he did not object to testify, he was a competent witness." Citing Duncan v. Watson, 2 Smedes & Marsh. 136, *supra.* In Coopwood v. Foster the nominal plaintiff was admitted to testify on the same ground: "that if he did not object he could testify against his interest, if not objected to by the other party." Citing Duncan v. Watson, *supra,* where the rule announced is, "That a party to the record who is uninterested in the event of the suit, may be admitted to testify for himself, if not objected to by the other party, and against himself if he do not object." These are all the cases on which the nominal plaintiff was admitted as a witness, that is, when called on by the other party, and when he did not himself object.

In Munn v. McGraw, 11 Smedes & Marsh. 322, the nominal plaintiff was permitted to file a bill of discovery against the defendant. This conclusively settles the question that he is incompetent in his own behalf, for, first he was not entitled to the discovery except upon inability to prove the same facts by witnesses, and, if he were competent, he would be a witness to prove the fact sought to be discovered; second, the statute only allows the petition to parties and against parties to the suit, and if he were really not a party, and not interested in the suit, he could not be heard to intervene in the proceedings between strangers. See Hutch. Code, 865–871. In Watts v. Smith, 2 C. 77, a petition of discovery by the defendant was allowed against the nominal plaintiff. If he were competent this could not be done.

The court held, that he, like all other parties, could testify when neither he nor his adversary objected. The usee had no right to make the objection. These cases seem to settle conclusively the question of the competency of Aydelott, and that he cannot be heard to testify in his own favor at common law, against the defendant's objection, nor under the statute can he testify for himself against an administrator.

The effect of the decisions is to treat him as the real party to the record, in whose favor a judgment can be rendered in case the usee is dead, or his name is stricken out. The decision in Lee v. Gardner also recites, that he is the party plaintiff and liable as such, in all cases, except where the statute has made different provisions, and that the usee is not a party except to the extent and in the mode stated in the statute. The nominal plaintiff is liable for costs. Anderson v. Miller, 7 Smedes & Marsh. 590. Whether the usee be also liable for costs does not affect the question. The plaintiff is always liable for his costs. The nominal plaintiff is the plaintiff, and in his name judgment can be entered. In Lee v. Gardner, where the usee was dead, suppose the verdict had been for defendant, then against whom would the judgment be for costs? Not against the usee, for he was dead. Then against the nominal plaintiff, unless it be that he was competent to maintain a suit, yet, not responsible for the consequences of failure, and unless the defendant is compelable to submit to a litigation with a party who fights him with an exemption from costs. The statute only makes the usee liable for costs; it does not exempt the nominal plaintiff from liability. See Rev. Code of 1857, p. 486, art. 50, and in the same chapter, p. 488, art. 57; the statute proceeding on the idea that the nominal plaintiff is liable, provides that "in suits brought in the name of the state, or in any officer thereof, for the use and benefit of another person; such usee may be required to give security for costs in the same manner as plaintiffs in other cases."

But it will be argued, that there will be no reversal,

because Peacock's testimony is sufficient to sustain the verdict. It is admitted that the rule of law is, that a new trial will not be granted for the admission of illegal evidence, when, abstracting it, the verdict is clearly right and fully sustained by the other evidence. But is that the case here? There is no other testimony but Peacock's. He contradicts himself, and lies the suspicion of being intentional. Can the court rely implicitly either on the credit or competency of his evidence? The testimony of a single witness is the lowest order and degree of testimony, even when it is unsuspicious; but in this case to say nothing more, the mind is not satisfied; nor can it be said that the jury would have found the verdict they did if the other witness had been rejected.

The rule is universal and without exception, that, when error has intervened, judgment will be reversed, except only when it is clear and manifest that the error was immaterial and had no effect on the verdict produced. He who, admitting error in the admission of illegal evidence, insists that the verdict must stand, must show, not only that the verdict might have been rendered without it, but also that it must have been so rendered. The witness Peacock showed himself interested, and utterly unreliable. He was inconsistent with himself, and his explanations were not only unsatisfactory but absolutely absurd. It is incredible that all his statements could be true, and his bias was clearly shown by his testimony. His manner, which cannot be transferred in the record nor shown to the court, might have been against him. At all events it is impossible to affirm that if he had been the only witness the jury would have found a verdict on his testimony.

But it is argued, that the the statute only excludes as witnesses, parties who attempt to assert their own claims against dead persons, and further, that the claim is the property of the usee, and not the "claim" of the plaintiff.

The answer to this will be found in the foregoing argument and authorities, and even in the very language of the

declaration itself.    The nominal plaintiff is the plaintiff, he must have the legal title and the legal right, and unless he shows this he cannot succeed.    The declaration is in his name as plaintiff, and seeks to enforce his right.    It avers a contract with a promise to the nominal plaintiff, it avers a right and claim in him, it complains of a breach with him, and, finally, says he is damaged by the breach, and asks for reparation to and judgment for him.    And, unless all these averments be true, there can be no recovery.    7 Yerger, 297.

*Nelson & Shaw*, for defendants in error.

The provision of the statute under which it is alleged that Samuel L. Aydelott should have been excluded as a witness, is clothed in the following language : "Provided that no person shall be a witness in any suit by or against himself, to establish his own claim to an amount exceeding $50, against the estate of a deceased person."    Rev. Code, § 18, art. 190.    This provision of the statute excludes a person as a witness in a suit against the estate of a deceased person, when the amount sued upon exceeds $50, not upon the ground that such witness is a party to the suit, but for the reason that the suit is instituted to establish his own claim. Daniel S. Perkins, who is one of the defendants to this suit, was a deceased person at the time of the trial ; yet, Samuel L. Aydelott, though he be the nominal plaintiff, was admissible under this statute, as a witness against the estate of the deceased defendant, if it appear that the claim which is the subject-matter of the suit, is not his claim, but is the property of the person for whose use and benefit the suit was instituted.

Upon an investigation of the evidence, we discover that Simeon Peacock was, at one time, indebted to May Aydelott, and that previous to the month of August, 1865, he made a settlement of this indebtedness with her, in which settlement he transferred to her, as a part payment of his debt, a note which he held against the defendants, Owens, Perkins & Robinson ; and that May Aydelott, subsequent to her

VOL. XLVI. —14

reception of this note, intrusted it to her son, Samuel L. Aydelott, and instructed him, as her agent, to collect or adjust it. That Samuel Aydelott, as his mother's agent, on the 16th day of August, 1865, in the county of Bolivar, Miss., made an adjustment of this claim with Owens, Perkins & Robinson; and that, in compliance with the terms of this adjustment, he surrendered to Owens, Perkins & Robinson their note in favor of Simeon Peacock, and received from them in return a claim payable in cotton, which they held against R. T. Jones, which claim they indorsed, not to May Aydelott, to whom the indorsement properly should have been made, but to her agent, Samuel Aydelott.

This last-mentioned claim, which is the subject matter of the suit, though it be indorsed to Samuel Aydelott, is legally and equitably the property of May Aydelott; inasmuch as the evidence shows that, at the time when Samuel Aydelott obtained it, he acted as an agent for his mother, and that he exchanged for it a note which belonged to her. To substantiate this ownership of Mrs. Aydelott, Samuel Aydelott, in his evidence, stated to the court that the claim belonged to his mother and that he had no interest in it or in the result of the trial. These facts afford an explanation of the reason why the suit is in the name of Samuel L. Aydelott for the use of May Aydelott. The only method by which May Aydelott could enforce the collection of this her claim before a court of justice was, to make her son the nominal plaintiff to the suit; yet she being compelled to institute her suit in this manner cannot deprive her of the benefit of her son's testimony, the exclusion of which might be the means of defeating the suit, and thereby deprive her of these rights, to which she is justly entitled. The object of the suit is to establish the claim of May Aydelott, and not the one of Samuel Aydelott; hence there can be no good reason why the latter is not admissible under the statute as a witness on behalf of his mother.

Admit, however, for the sake of an argument, that Aydelott

was an incompetent witness ; yet in this particular case the admission of his testimony affords no reason why the judgment of the court below should be reversed and a new trial granted.   Where improper testimony has been admitted, if there be also sufficient legal testimony to justify the verdict, outside of that which is exceptionable, a new trial will not be granted.   Barringer v. Nesbit, 1 Smedes & Marsh. 22 ; Hand v. Grant, 5 ib. 508 ; Mary Washington v. McIntosh, 38 Miss. 671.   A legal demand and notice were the only material facts in this case which the plaintiff had to establish in order that she might be entitled to a verdict.   The testimony, united or separate, both of Peacock and Aydelott, prove these facts beyond a doubt.   Upon this point the evidence of the one is similar to that of the other.

SIMRALL, J. :

The only point seriously made by the plaintiff in error, was that the nominal plaintiff, Aydelott, was incompetent to testify when objected to by the administrators of the deceased indorser of the note.   A party to the record cannot be compelled to testify, when called by his adversary, nor in his own favor, if objected to.   2 Smedes & Marsh. 136.   In Smith v. Elder, 7 ib. 511, the nominal plaintiff was permitted to testify, against the objection of the plaintiff's counsel, he not making objections himself.   These cases were decided under the common-law rules.   The nominal plaintiff presents in a court of law the only title which can be noticed, therefore the name of the usee may be stricken out, or, if he dies, it is not necessary to revive in the name of his legal representative.   7 Smedes & Marsh. 357 ; 26 Miss. 540 ; Code, art. 190, p. 510.   " No person, whether a party to a suit, or otherwise, shall be incompetent witnesses by reason of interest in the result, or in the record."   *   *   * It follows, therefore, that Aydelott was competent, although he was a party to the suit.   The proviso to the article does not affect him, unless he was interested to establish the claim against the estate of the decedent — "To estab-

lish his own claim to an amount exceeding $50." The policy of the statute is expounded in Lamar v. Williams, 39 Miss. 347, and Jordan v. Faler, 44 ib. 291. A living party plaintiff or defendant in an action, in which the representatives of a decedent's estate are a party, shall not be competent to establish his demand, or right asserted and relied on, in the action against the estate." In Griffin v. Lowe, 37 Miss. 460, it is said the statute meant to exclude one party when the other being dead could not be present to confront him. It reaches both to the establishment of a claim and a discharge from it arrested in behalf of an estate. The answer to the exception taken to the witness is, that he was asserting no right, debt or demand against the defendants, or any one of them, in the suit. He had no interest in the note, or debt due by it. The paper was taken by him as agent for the usee. The form of the indorsement passed the legal title to him. The dry, naked legal title was all he had, without right to the money. However the suit might be determined, it would neither establish a right or demand, nor discharge any claim in his favor against any of the defendants. But the policy is to exclude testimony which might relate to matters and transactions had with the deceased and litigated in the suit with no possibility of being confronted with him, so that both sides might be heard. We do not think that a contingent liability for costs, as nominal plaintiff, is such a "demand or claim," that incapacitates. But, if this witness was incompetent, there is abundant testimony from another witness, to the same facts, to sustain the verdict; and if so, there should not be a reversal because Aydelott was incompetent and ought to have been excluded.

The demand and notice are sufficiently proved. There is no merit in the newly discovered evidence as a reason to set the verdict aside.

*Judgment affirmed.*