J. D. REINHARDT, Adm'r, etc. v. JOHN H. EVANS.

1. CLAIMS AGAINST ESTATES OF DECEDENTS.—The statute (Rev. Code, 1857, p. 510, art. 190) which prohibits any person from establishing his own claim by his own testimony against the estate of any decedent for any sum exceeding $50, applies in its full force where the witness has assigned his claim "without recourse," and it is being prosecuted by his assignee.

ERROR to the circuit court of Marshall county. ORR, J.

The opinion of the court contains a sufficient statement of the case.

*Watson & Manning,* for plaintiff in error,

Insisted that the court erred in admitting the testimony of the plaintiff to establish his own claim, amounting more than fifty dollars, against the estate of a deceased person, citing Rev. Code of 1857, art. 190, p. 510, and commenting at length upon the following authorities: Griffin v. Lowe, 37 Miss. 458; Hedges v. Aydelott, 46 Miss. 99; 2 S. & M. 75; 34 Miss. 432.

*R. S. Stitt, Featherston, Harris & Watson* and *Walter & Scruggs,* for defendant in error,

Filed elaborate briefs, submitting that because the plaintiff in the court was prosecuting the claim in con-

troversy for the use of another, he did not come within the statutory prohibition. He was therefore a competent witness, and the court did not err in admitting his testimony, citing Hedges v. Aydelott, 46 Miss. 99; Holmes v. Bennett, 44 ib. 322. That the mere contingent liability for costs does not affect his competency. The disability growing out of the statute had been removed by the assignment, and his interest in the result had been entirely destroyed. Hedges v. Aydelott, *supra*; Ellis v. Carlisle, 8 S. & M. 552; Russell v. Moore, ib. 700; Cooper v. Granberry, 33 Miss. 117; Moore v. McKie, 5 S. & M. 238; Englehardt v. Slater, 7 How. (Miss.) 538.

Tarbell, J.:

This suit was instituted in the circuit court of Marshall county, in 1868. The cause of action is indicated by the bill of particulars filed with the declaration, viz.:

"George Gorman, to John H. Evans, debtor—January, 1863. To 1 bale cotton, weighing 520 lbs., at 40 cts. per lb., $216."

The defendant appeared and pleaded the general issue. On the trial, John H. Evans, the plaintiff in the action, was tendered as a witness in his own behalf, but his examination was objected to by the defendant on the ground of the incompetency of the said Evans to testify as a witness in the case, the defendant alleging that, since the institution of the suit, his intestate, the said George Gorman, had deceased, and the suit had been revived against him as his administrator, and now it was not competent for the said Evans, by his own testimony, to establish the claim on which his suit was brought against estate of decedent. Upon a preliminary examination, Evans testified that he brought this suit against Gorman to recover the value or proceeds of a bale of cotton belonging to him (Evans), which Gorman, in his lifetime, had wrongfully sold,

and had converted the proceeds to his own use; that he had now no interest in the suit, having, since its institution, transferred the claim to D. B. Wright, for whose use it is now marked in the declaration; that he sold said claim for a valuable consideration; that he had not warranted or guaranteed the payment or collection of said claim, but had transferred it without recourse, and would not be responsible in case of failure to collect the same or any part of it.

On these facts, the defendant insisted that Evans was incompetent as a witness in the cause, under the provision contained in art. 190, p. 510, Code of 1857. This objection was overruled, and the witness was permitted to testify. The jury returned a verdict for the plaintiff in the sum of $256.62. There was a motion for a new trial, based on the objection to Evans as a witness; to the instructions given for the plaintiff and refused to the defendant, and to the verdict, as contrary to law and evidence; which motion was overruled. Thereupon the defendant brought the case to this court. Several grounds of error are assigned, but it is only necessary to consider the first, that " the court erred in permitting the plaintiff, J. H. Evans, to testify in support of the cause of action."

The question involved is very elaborately argued by the respective counsel. It arises under the following statute, viz.: " No person shall be a witness in any suit, by or against himself, to establish his own claim to an amount exceeding fifty dollars against the estate of a deceased person." This statute has been expounded in the following cases: Griffin, Adm'r, etc. v. Lown, 37 Miss. 458; Haralson v. White, Ex'r, etc., 38 ib. 178; Otey v. McAfee's Adm'r, ib. 348; Lamar et al. v. Williams et al., Adm'r, etc., 39 ib. 342; Foler v. Jordon, 44 ib. 283; Boylan v. Holt, ib. 277; and in Witherspoon v. Blewett, 47 Miss. 570. The policy of the statute quoted is manifestly for the protection of estates of decedents.

It was provided that interest should no longer bar the introduction of a witness, and parties to suits could freely testify for, and be compelled to answer as witnesses against, themselves; provided, however, "that no person shall be witness in any suit, by or against himself, to establish his own claim to an amount exceeding fifty dollars against the estate of a deceased person." This suit is "by" Evans, and it is brought "to establish his own claim to an amount exceeding fifty dollars against the estate of a deceased person." It is true the "claim" has been transferred, but as to Evans, it is "his own claim," within the above statute, which is to be established. The very gist of the controversy is the original cause of action or "claim" of Evans. That is the right, demand or "claim" in litigation, and palpably the one referred to by the Code, and not the "claim" of the assignee, which is of wholly insignificant importance, and might be expressed in a few lines upon a scrap of paper, dependent, however, upon the establishment, first, of the "claim" of the assignor. With reference to this and like claims, it is the clear policy of the Code that they shall not be established against the estates of deceased persons by the *ex parte* evidence of one of the parties to the transaction giving rise to the demand. To hold otherwise would be to give notice to all persons having claims against estates of decedents, that to avoid the statute excluding their evidence in support of such claims, they have only to assign their cause of action before or after suit brought. A statute, clearly expressed, with a well defined policy, and enacted to subserve and protect important interests, ought not to be thus easily evaded. As between the living, there is no longer any barrier on the ground of interest to their untrammeled examination, but when death has placed the evidence of one of the parties to the transaction, out of which the claim arises, beyond the pale of the court, the statute enacts that the other

shall not be heard for or against such claim. As to that transaction, both the parties thereto are dead; one through natural causes; the other by legislative enactment. Such is the clearly expressed intention and result of the statute, which cannot be evaded or annulled by a mere sale and transfer. We do not think it necessary to discuss rules for the construction of statutes. Effect is given to the one under consideration according to its plain, evident intention, apparent upon its face, and in accordance with the public policy which it unmistakably declares, and this is a construction sustained by reason and the adjudications. 1 S. & M. 70; 10 ib. 537; 43 Miss. 687; 6 How. 116; 7 ib. 14; 26 Miss. 567; 35 ib. 17; 30 ib. 410; 33 ib. 103. Cases indicating statutes that are to be strictly construed: Walk. 229; 1 How. 293; 14 S. & M. 47; 44 Miss. 322; 25 ib. 428; 31 ib. 668; 38 ib. 118; 30 ib. 516; 34 ib. 40, etc.

*Judgment reversed and cause remanded.*