SAMUEL ROTHSCHILD *v.* HORACE HATCH ET AL.

1. EJECTMENT. *Adverse possession. Color of title. Defective will.*
   To show color of title, the defence in ejectment offered two witnesses to prove that they had seen a paper purporting to be a will, with the signature of her who was the plaintiff's source of title attached, devising the land to her husband, by virtue of whose continuous possession the Statute of Limitations was relied on. *Held,* that it was not error to exclude the evidence, because the alleged will was never probated nor regarded and acted on as conferring right.

2. EVIDENCE. *Hearsay. Marriage settlement.*
   Testimony that the husband of the original owner of land had remarked

to the witness that it was agreed or settled between him and his wife that she should keep her separate property, is incompetent to prove a marriage settlement.

3. PARTY AS WITNESS AGAINST ESTATE OF DECEASED PERSON. *Claim assigned before suit.*

Code 1871, § 758, which provides that "no person shall testify as a witness to establish his own claim of any amount for or against the estate of a deceased person which originated during the lifetime of such deceased person," does not apply where the witness has conveyed his claim by deed of gift before suit, which is prosecuted by his grantee.

4. SAME. *Reinhardt v. Evans overruled.*

Competency, under § 758 Code 1871, relates to the time when the witness testifies. *Reinhardt* v. *Evans*, 48 Miss. 230, overruled.

5. SAME. *Ejectment. Permissive possession.*

A plaintiff in ejectment is not a competent witness to prove a permissive possession for himself by admissions made by the deceased landholder in his lifetime.

6. SAME. *Code 1871, § 758. Construction.*

In Code 1871, § 758 (Code 1857, p. 510, art. 190), the term "claim" includes any demand or right asserted and relied on against the estate of a deceased person, *Lamar* v. *Williams*, 39 Miss. 342; and the expression "estate of a deceased person" means all the property of every kind which one leaves at his death, *Jacks* v. *Bridewell*, 51 Miss. 881.

7. NEW TRIAL. *Erroneous admission of evidence. Immaterial error.*

Notwithstanding the erroneous admission of testimony, a verdict which, apart from that evidence, is fully supported by the facts, should not be set aside.

8. EJECTMENT. *Statute of Limitations. Possession adverse and permissive.*

Possession commenced in subordination to the title of the ancestor of the plaintiff in ejectment, which never assumes an adversary character, but is accompanied by a recognition of permissive holding, will not bar the right of entry, however long continued.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

This was ejectment by the heirs-at-law of Sarah B. Hatch, who in 1843 married Richard Griffith, and a few months thereafter died without issue born alive. She was at the time of her marriage, and for some time before, the owner and in possession of the property in controversy. Richard Griffith continued in possession to his death, in 1862; his second wife,

and his children by her, have retained possession ever since, and under them the defendant claimed as lessee.

The only defence was the Statute of Limitations, on the theory that Griffith's possession was adverse after the death of his first wife. The plaintiffs showed possession, title in their ancestor and her marriage, and rested. The defence showed that Griffith collected the rents and paid the taxes from 1843 to 1862. For the purpose of showing color of title, the defence then offered to prove by two witnesses that they had seen a paper purporting to be a will, with the signature of Sarah B. Griffith attached, devising the property in controversy to Richard Griffith. It was admitted that the will was never probated. This was excluded by the court. In order to establish a marriage settlement, the defence offered to prove by a witness that Griffith had remarked to him " that it was agreed or settled between him (Griffith) and Miss Hatch that she should keep her separate property." This was also excluded.

The plaintiffs, in rebuttal, proved declarations of Griffith to show the permissive character of his possession. To two of the witnesses offered to prove the declarations — A. L. Hatch and B. L. Hatch — objections were urged, upon the ground of their incompetency as parties in interest. A. L. Hatch is a co-plaintiff; but B. L. Hatch, having made a deed of gift to one of the plaintiffs, before suit, is not a party thereto. The court overruled the objections.

The writ of error is by the defendant from judgment for the plaintiffs.

*Adam & Speed,* for the plaintiff in error.

1. The defendant should have been permitted to show color of title by proving the contents of the will. *Hanna* v. *Renfro,* 32 Miss. 129 ; *La Frombois* v. *Jackson,* 8 Cow. 597 ; *Clapp* v. *Bromagham,* 9 Cow. 557; Angell on Lim. § 404, note; *Gregg* v. *Sayre,* 8 Pet. 244 ; *Garrett* v. *Dabney,* 27 Miss. 346 ; *Hinkley* v. *Greene,* 52 Ill. 223 ; *Crispen* v. *Hannavan,* 50 Mo. 536 ; *Rannels* v. *Rannels,* 52 Mo. 108. An insufficient will is sufficient color of title, *McConnell* v. *McConnell,* 64 N. C. 342 ; or a deed from a mortgagee, *Stevens* v. *Brooks,* 24 Wis. 326 ; *Griffin* v. *Stamper,* 17 Ga. 108 ; or a deed from

an administrator, *Fagan* v. *Rosier*, 68 Ill. 84 ; *Brooks* v. *Bruyn*, 35 Ill. 395.

2. The testimony of A. L. Hatch and B. L. Hatch should not have been admitted.  *Reinhardt* v. *Evans*, 48 Miss. 230 ; *Jacks* v. *Bridewell*, 51 Miss. 888.

3. The counsel reviewed the facts at length, contending that the adverse possession for a sufficient time to bar the suit was fully made out, and that the verdict was against the great preponderance of evidence.

*Magruder & Simrall*, for the defendants in error.

1. Color of title cannot be predicated of the evidence offered concerning the pretended will.  The authorities, with rare exception, involve the idea of documentary evidence.  True, there is authority that written instruments are not essential to color of title ; but it seems that the term was inaccurately used in the sense of claim of title, — a distinction perceived from the language in *Bell* v. *Longworth*, 6 Ind. 273.  Strictly speaking, color of title rests upon some documentary evidence or muniment of title.  We are limited in this case to documentary evidence.  A void will is not color of title.  Angell on Lim. 404 ; *La Frombois* v. *Jackson*, 8 Cow. 589, 605 ; *Dufour* v. *Camfranc*, 11 Mart. 715 ; *Frique* v. *Hopkins*, 4 Mart. N. S. 224 ; *Moore* v. *Brown*, 11 How. (U. S.) 424 ; 25 Ga. 178.  A deed containing no description cannot be evidence of claim of title.  37 N. H. 35 ; 4 Heisk. 570.  The court said, in *Marsh* v. *Weir*, 21 Texas, 97, that a conveyance which has been adjudged void gives no color of title.  *Bernal* v. *Gleim*, 33 Cal. 676.

2. The marriage settlement attempted to be proved hardly merits notice.  By the statute, Hutch. Code, p. 637, such agreements are void, unless made in writing.  Even if it were legal and competent to make parol agreements of this character, yet by the plainest principles of evidence the testimony offered — the remark or statement of Griffith — was inadmissible to show it.

3. The testimony of A. L. Hatch was properly admitted. He testified to declarations of Griffith, pertaining to his possession of the property in controversy.  It is not a suit to establish a claim against the estate of a deceased person.  It

is a controversy as to the title to property, once the estate of Sarah B. Hatch, among her heirs-at-law. We are confronted with strong and broad *dicta* in the case of *Jacks* v. *Bridewell*, 51 Miss. 881. The disqualification by the statute is to proof by parties in interest of claims "for or against the estate of a deceased person, which originated during the lifetime of such deceased person." In these words is contained the limitation as to competency. First, it must be a claim against the estate of a deceased person, and, second, such as originated in the lifetime of such person. In *Green* v. *Mizelle*, *ante*, 220, reference is made to *Jacks* v. *Bridewell*. But in the language employed there seems a manifest purpose to evade the application of the doctrine as broadly laid down in that case. "We waive the competency of the testimony and of the witness for the present," said the court, "but adhere to *Jacks* v. *Bridewell*." We submit that this adherence to a correct decision is no application or approval of its *dicta*. It is begging the question to say that the property sued for is a part of the estate of Richard Griffith, or that the claim originated in his lifetime. That is the initial point of controversy.

4. B. L. Hatch has no interest in this suit. Disqualification by the statute is upon the theory of interest. It is the exception to the statute abolishing the common-law disqualification for interest. It means a subsisting, actual interest, notwithstanding the decision of *Reinhardt* v. *Evans*, 48 Miss. 230, the reasoning of which is a mere quibble upon words, without any force.

5. If the court should consider the witnesses A. L. and B. L. Hatch incompetent, the verdict should nevertheless stand. It is amply and clearly sustained by the other evidence. *Garrard* v. *State*, 50 Miss. 152; *Barringer* v. *Nesbit*, 1 S. & M. 22; *McMullen* v. *Mayo*, 8 S. & M. 303; *Fore* v. *Williams*, 35 Miss. 533; *Routh* v. *Agricultural Bank*, 12 S. & M. 161.

CAMPBELL, J., delivered the opinion of the court.

It was not error to refuse to permit the introduction of evidence of the alleged will of Mrs. Griffith, made in 1843, because it was admitted it was never probated, and there was nothing to show that it had been regarded and acted on as

conferring any right.    The proposed evidence to show a mar-
riage settlement between Griffith and wife was properly ex-
cluded.    It was mere hearsay, and clearly incompetent.    It
would have amounted to nothing, if it had been admitted.
B. L. Hatch was a competent witness.    He would have been
such at common law.    He had no interest in the event of the
suit.    A direct, certain and fixed interest in the event of the
suit excluded a witness at common law.    But one neither a
party to the record nor interested in the event' of the suit
was not disqualified on the score of interest.    That a party
had been thus interested did not disqualify him as a witness,
if at the time he was called to testify his interest had been re-
moved by a release or otherwise.    The theory was that one
swayed by interest could not safely be admitted to testify in
support of his interest; but if he had no interest in the event
of the suit, and could not gain by the result, he might be ad-
mitted as a witness.    A party might testify where his interest
was equally balanced, or against his own interest.

Our statute sweeps away all disqualification on the ground
of interest, but prohibits any one from testifying as a witness
to establish *his own* claim against the estate of a deceased per-
son, which originated in the lifetime of such person.    The
claim which one cannot establish by his own testimony as a
witness is *his own*.    If it is another's, it is not " his own."    Al-
though it *was* his, if it has ceased to be his, it cannot with pro-
priety be called *his own* claim, when he testifies as a witness
to establish it.    The question of the competency of a witness
relates to the time when he testifies as a witness.    It surely
could not have been the purpose of law-makers, who were nar-
rowing the grounds of the exclusion of witnesses as existing at
common law, to establish a ground of exclusion which did not
exist at common law.    The prohibition against testifying to
establish one's own claim against the estate of a deceased per-
son is an exception to the universality of competency on the
ground of interest, and it will not do to widen the exception
so as to make it broader than the rule of exclusion at common
law, as the language of the statute does not require or admit
of it.

The reason the statute prohibits any person from proving

his own claim against the estate of a deceased person is the same which made the common-law rule of exclusion on the ground of interest, and the same reason which caused the removal of interest to render one competent as a witness applies under the statute to one who has no claim against the estate of a deceased person, but is called to testify as a witness to establish not his own claim, but another's. Divested of any interest, he is supposed to be freed from any motive to swear falsely to support the claim of another, and is competent as a witness to establish it. We disapprove of *Reinhardt* v. *Evans*, 48 Miss. 230, and overrule it.

A. L. Hatch, one of the plaintiffs below, was not a competent witness, because he was introduced to establish his own claim to property left by a deceased person, by virtue of admissions by him in his lifetime of a permissive possession of the land, and a holding for the plaintiffs. The claim of the plaintiffs below is to recover the land by virtue of a title by descent to them from Mrs. Griffith. Their title is indisputable. The only question is, whether by reason of lapse of time they have not lost the right to assert it. It is asserted against the heirs of a deceased person, who died in possession of it. *Prima facie* it vested in his heirs.

Their *prima facie* right is sought to be defeated by evidence that their ancestor did not hold the land adversely, but in subordination to the title of the plaintiffs. Undoubtedly, this land, for the purpose of determining the competency of the plaintiffs as witnesses, must be assumed to be the estate of a deceased person, the ancestor of the lessors of the defendant below, *Rushing* v. *Rushing*, 52 Miss. 329; and A. L. Hatch, in testifying as a witness, was seeking to establish his own claim against the estate of a deceased person. It is impossible to have an intelligent conception of the rule to guide in determining the competency of a witness under § 758 of the Code, without a clear idea of the meaning of the terms " claim " and " estate of a deceased person," as used in it. The decision in *Lamar* v. *Williams*, 39 Miss. 342, interpreted the term " claim " to include any demand or right asserted and relied on as against the estate of a deceased person. In *Jacks* v. *Bridewell*, 51 Miss. 881, we were called on by the facts of the

case to determine the meaning of the expression "estate of a deceased person," and declared it to be "all the property of every kind which one leaves at his death;" and, as a consequence, that the exclusion of parties as witnesses extends to every assertion of right by a party to any part of the estate left by a deceased person, and claimed by such party, or to be subject to his demand, by reason of an alleged transaction between such party and the deceased person, whether the controversy is between him who would testify and the representatives of a deceased person, or others claiming property left by such deceased person, and to have succeeded to his rights. This case was decided after much deliberation. Our views are expressed in the opinion in very carefully chosen language, cautiously applied to the facts of the case. We have since considered the views therein set forth, and adhere to them. Tested by them, A. L. Hatch was not competent to testify.

Notwithstanding the erroneous admission of the testimony of A. L. Hatch, the verdict should not be set aside; for, excluding that evidence, the verdict is fully supported by the facts. It can hardly be doubted that the possession of Richard Griffith commenced in subordination to the title of the ancestor of the defendants in error, and there is no satisfactory evidence that it ever assumed an adversary character, while there is competent evidence of a recognition by Griffith of his permissive holding. The law applicable to such a state of case is too well understood to be here expressed.

*Judgment affirmed.*