E. P. GORDON ET AL. v. M. McEACHIN, EXECUTOR.

1. WITNESS. *Competency. Estates of deceased persons.*
   On the trial of exceptions to a final account, creditors of the testator are competent witnesses, under Code 1871, § 758, and the amendment, (Acts 1878, p. 190), as to the propriety of the executor's action in paying their demands, which were not probated.

2. SAME. *Executor. Claim existing in lifetime of testator.*
   The executor is not a competent witness, in such a proceeding, to establish his claim against the estate, if it existed in the testator's lifetime.

3. SAME. *Assignment of claim.*
   The object of the amendment of 1878 is to prevent the original claimant from testifying to establish a claim against the estate in a suit by a person to whom he has assigned it after the testator's death in order to be a witness as it was shown he could do in *Rothschild* v. *Hatch*, 54 Miss. 554.

APPEAL from the Chancery Court of Lafayette County.

Hon. A. B. FLY, Chancellor.

On the trial of the exceptions filed by the appellants to the appellee's final account as executor of William Gordon's will, the executor was examined in his own behalf touching certain items representing debts due to him from Gordon in the lifetime of the latter, and also as to the other items of the account, and several creditors of Gordon, whose claims had not been registered, but had been paid by the executor, were examined as to the propriety of such payments. Exceptions to these depositions were overruled.

*Phipps & Burney*, for the appellants.

The depositions of the creditors and the executor were inadmissible. This case differs from that of *Barry* v. *Sturdivant*, 53 Miss. 490. In that case the burden of proof was upon the legatees, in this the creditors' claims had never been probated, and the burden was on the executor. So far as that case modified *Haralson* v. *White*, 38 Miss. 178, it is erroneous, and the construction of Code 1871, § 758, is *obiter dictum*. The result in the case of *Barry* v. *Sturdivant* has been modified by Acts of 1878, p. 190, and the case is practically overruled by *Jones* v. *Sherman*, 56 Miss. 559;

*McCutchen* v. *Rice,* 56 Miss. 455, and *Love* v. *Stone,* 56 Miss. 449.

*R. J. Guthrie,* on the same side.

The depositions of the creditors are not competent evidence for the executor ; their interest is not remote, but, unless they establish their claims, they will be compelled to refund him the money which he has paid them. The executor was testifying to establish his own claim, which originated in the lifetime of the testator. His deposition was, therefore, clearly incompetent ; and, as it is impossible to tell what effect his evidence may have had, the case must necessarily be reversed and remanded.

*Lamar, Mayes & Branham,* for the appellee.

The objection which applies to all of McEachin's deposition must be sustained or overruled *in toto.* His testimony went to establish the transactions since the testator's death, and his payment since the death of the testator of claims held by third parties against him in his lifetime. Both phases of his testimony are authorized. Code 1871, § 758 ; *Barry* v. *Sturdivant,* 53 Miss. 490. The testimony of the creditors was competent. They were not parties, but had been paid before the beginning of this controversy, and, if liable at all, they were so only on a remote contingency. *Faler* v. *Jordan,* 44 Miss. 283 ; *Hedges* v. *Aydelott,* 46 Miss. 99 ; *Wood* v. *Stafford,* 50 Miss. 370 ; *Stadeker* v. *Jones,* 52 Miss. 729 ; *Love* v. *Stone,* 56 Miss. 449.

CAMPBELL, J., delivered the opinion of the court.

The creditors of the testator in his lifetime, whose demands had been paid by the executor without their having been probated, allowed and registered, as provided for by law, were competent witnesses for the executor to testify to the propriety of his disbursement in paying such demands. They are not excluded by § 758 of the Code, or by the amendment of that section by the Act of 1878 (Acts 1878, p. 190). Their *ex parte* affidavits would have secured the precedent allowance of their claims, which would have justified their voluntary payment by the executor ; and, *a fortiori,* should the testimony of the creditors as witnesses, subjected to cross-examination by the

legatees, be held to be admissible as to the propriety of the payment of their claims by the executor.    To exclude a witness, under the statutes cited, he must be seeking to establish his own claim against the estate of a deceased person, or one he has assigned since the death of the decedent, in a suit between himself and another, in which the estate of the decedent or some part of it is involved.  *Love* v. *Stone*, 56 Miss. 449.    The object of the amendment of 1878 referred to was to prevent the evil of a transfer of a claim, after the death of the decedent, and, in a suit by the transferee, the proving it by the original claimant, who had assigned for the purpose of being made thereby a competent witness, as it was shown by the decision in *Rothschild* v. *Hatch*, 54 Miss. 554, might be done.    So much of the testimony of the executor as related to his claim against the estate of the testator existing in the lifetime of the decedent was incompetent and should have been excluded.    It is impossible to determine what influence this testimony had on the Chancellor, and, for the error in admitting it, the decree will be

*Reversed.*