ETTIE TOWNSEND *v.* WYATT KENNARD.

**Witnesses — Examination of.**

Where witness transferred his claim to plaintiff who brought suit on same against the estate of a deceased person, it is proper, on cross-examination, to ask witness the consideration of the transfer.

**Proving Claim Against Estate of Deceased Person.**

Plaintiff is not a competent witnes in his own behalf to prove his claim against the estate of a deceased person where said claim originated in the lifetime of the deceased.

**Same.**

In such case, though the proceeding be against certain personalty (which had been set apart to the widow by the appraisers as a part of estate of deceased at the time of his death) plaintiff cannot recover.

---

The term " claim " is not limited to a fixed debt nor to a demand *ex contractu.* Lamar *v.* Williams, 39 Miss. 342; Rotchschild *v.* Haten, 54 Miss. 554.

In a suit by the representative of the estate, a defendant is incompetent to testify to a contract between himself and a decedent. Otey *v.* McAfee, 38 Miss. 348; Boylan *v.* Holt, 45 Miss. 277.

A party plaintiff who has no beneficial interest in the suit is a competent witness for the usee. Hedges *v.* Aydelott, 46 Miss. 99.

The statute applies where the witness has assigned his claim since the death of the deceased " without recourse " and is being prosecuted by his assignee   Reinhardt *v.* Evans, 48 Miss. 230; Jones *v.* Sherman, 56 Miss 559; Gordon *v.* McEachin, 57 Miss. 834.

Wiatt Kenyard sued Ettie Townsend and Uriah Millsaps, the latter being administrator of estate of L. M. Townsend, deceased, in a magistrate's court for $147.43 for labor for the year 1884, and sought to subject certain corn and fodder in the possession of Ettie Townsend to a lien for the payment of said sum. Plaintiff alleged that certain persons (naming them) claimed an interest in the property, and prayed for a writ of seizure under the statute, the said persons having transferred their claims to plaintiff.

The writ was issued and 200 barrels of corn and 500 bundles of fodder levied upon by the officer, who sold same as perishable property and paid the money over to the circuit clerk, and afterward, on order of court, into the Circuit Court. Defendants executed a forthcoming bond, and Millsaps, administrator, made affidavit denying the debt. There was judgment for plaintiff, and appeal by defendant to the Circuit Court where plaintiff again recovered judgment. Whereupon defendant appealed to the Supreme Court.

During the trial in the court below, counsel for defendant, on cross-examination, asked Elick Robertson, one of the persons transferring to plaintiff, what plaintiff had paid him for his claim. To which question witness replied that it was not a fair question.

Defendant's counsel then asked him if plaintiff gave him anything for his claim, to which witness answered negatively. Counsel then asked witness if it were not a fact that if plaintiff recovered judgment would he not share in same. Plaintiff's counsel objected and was sustained by the court, whereupon defendant excepted.

There was other testimony of a similar nature. Plaintiff

If the assignment be made before the death of the decedent the assignor is a competent witness. Snell v. Fewell, 64 Miss. 655.

When the cause of action originated after the death of decedent, the parties to the suit are competent witnesses. Witherspoon v. Blewett, 47 Miss. 570.

The original debtor is a competent witness to show that defendant's intestate assumed his debt to the plaintiff and is liable therefor. Sweatman v. Parker, 49 Miss. 19.

The term "estate" is used, in its broad and popular sense, to signify all the property of every kind which one leaves at his death; and any right asserted against the estate of a deceased person which accrued to a party by virtue of dealings between him and the deceased cannot be established by

testified that he worked for deceased during the year 1884, and that deceased was indebted to him in the sum of $33.40 when he died. Defendant objected to this testimony for obvious reasons, and asked exclusion of same. The court overruled the objection and permitted the testimony to go to the jury, to which action of the court the defendant excepted.

The property levied upon under the seizure writ had been set apart by appraisers to the widow of deceased, and was a part of Townsend's estate when he died.

APPEALED from Circuit Court, Copiah county, T. J. WHARTON, Judge.

Reversed and remanded, March 8, 1886.

*Attorneys for appellant, W. P. & J. B. Harris, and Harris & Dodds.*

*Attorney for appellee, H. C. Cohn.*

Brief of W. P. & J. B. Harris, Harris & Dodds:

\* \* \* It was clearly competent for the defendant to attack the consideration of the assignment to Kennard. If it was without consideration there were many defenses which could have been made to it, which were cut off by the action of the court in not permitting the witness Elick Robertson to answer the questions of defendant's counsel on that point. This was error, and, for that reason, the case should be reversed.

But the action of the court in admitting the testimony of the

evidence of the living party. Jacks *v.* Bridewell, 51 Miss. 881; Green *v.* Mizell, 54 Miss. 220; Rothschild *v.* Hatch, 54 Miss. 554; Jackson *v.* Smith, 68 Miss. 53.

To exclude a party as a witness to prove his own claim or right, it must be against the estate of a deceased person in the suit in which he proposes to testify. Love *v.* Stone, 56 Miss. 449; Cole *v.* Gardiner, 67 Miss. 670; Jackson *v.* Smith, 68 Miss. 53.

It is not a valid objection that the testimony of the witness will remotely and collaterally contribute to or create a liability that may or may not be vindicated in some other proceeding. Griffin *v.* Lower, 37 Miss. 458; Lamar *v.* Williams, 39 Miss. 342; Faler *v.* Jordan, 44 Miss. 283; Love *v.* Stone, 56 Miss. 449; McCutchen *v.* Rice, 56 Miss. 455; Fennell *v.* McGowan, 58 Miss. 261; Combs *v.* Black, 62 Miss. 831; Cole *v.* Gardiner, 67 Miss. 670.

plaintiff, Kennard, to establish his own claim against the estate of a deceased person is fatal to the whole case. This testimony should have been excluded.   *   *   *

Brief of H. C. Cohn:

Appellant having assigned only one supposed error and that the refusal to grant a new trial, I take it the court will notice no other.

Should the verdict have been sustained by the court? The proof of the correctness of the account, it is admitted, is not clear or conclusive, but plaintiff did not prove that it was made from the books of Townsend, and no effort was made to show any mistake in the books, they being Townsend's own books, I submit they are sufficient to bind him without *proof* of their correctness.

There can be nothing in the fact that this property had been set aside for the widow, as this suit is to enforce the lien of the laborers and nothing the administrator could do could affect that lien.   *   *   *

OPINION.— CAMPBELL, J., delivered the opinion of the court:

The course of examination of the witness Robertson by the counsel of the defendant below was proper and should have been permitted.

The plaintiff was not a competent witness, for he was testifying to prove his own claim against the estate of a deceased person, which originated in the lifetime of such person. Although the proceeding was specifically against certain things they were part of the estate of Townsend when he died, and had been set apart to his widow as a portion of his estate.

*Reversed* and remanded for a new trial.

Where the question is one of the admissibility of other evidence — a question to be determined by the court — the statute does not apply. Bookout *v.* Shannon, 59 Miss. 378; Harper *v.* Lacey, 62 Miss. 5.

This section applies although the decedent conducted the transaction out of which the action arises by an agent, who is yet alive and has testified in the case.   McCaughan *v.* Hardy, 78 Miss. 598.

Where an equitable assignment of a policy of insurance has been made to a third person the original beneficiary consenting, such original beneficiary may testify against the estate of the insured to the facts constituting such assignment which originated during the lifetime of the deceased, because he testifies to establish not his own but the assignee's claim.   Cockrell *v.* Cockrell, 83 Miss. 385.