Lee *v.* Portwood.

---

L. C. Lee *et al. v.* Robert Portwood.

1. Replevin: defence.—Proof that the property sued for was purchased
by defendant for valuable consideration, and without notice of fraud prac-
tised by his vendor, *competent*, and constitutes a good defence to an action
of replevin by original owner.
2. Same: title: fraud.—A purchaser of goods for a valuable consideration
from one who has obtained title, by fraud, is protected if he had no knowl-
edge of such fraud. Story on Sales, 159.

Error to the Circuit Court of Yalobusha county. Hon.
Wm. Cothran, judge.

*Fisher & Armstead*, for plaintiff in error, made the following
points and cited the following authorities:

1. That the action of replevin is based upon a tortious
taking, and sounds in damages like trespass. 1 Chitty on Pl.
p. 162 and note; *Hopkins* v. *Hopkins*, 10 John. 373; *Rogers*
v. *Arnold*, 12 Wend. 39.

2. That at the time of the taking to support replevin, the
plaintiff must have either a general or special property in the
goods. 1 Chitty Pl. 163.

3. The plea of not guilty put in issue not only the wrongful
taking, but also plaintiff's property in the goods and extent of
damages.

4. That a purchaser from Magee without notice of the fraud,

and for a valuable consideration, should be protected.    Story on Sales, pp. 159, 160, sec. 200.

5. The possession of personal property is *primâ facie* evidence of ownership; hence it devolves upon the plaintiff to fix upon the defendant notice of fraud.

6. If the owner place his property in the hands of another person, under such circumstances or in such manner that the law implies a right and power on the part of that person to make a valid sale thereof, the sale by such person will be good, although he have, as between himself and the owner, no such right or power.    Story on Sales, p. 161, sec. 202, and cases cited; notes 2 and 3.

· 7. An innocent purchaser of goods from a fraudulent vendor in possession thereof obtains a good title against the creditors of the fraudulent vendor.    *Root* v. *French*, 13 Wend. 570; *Ash* v. *Putnam*, 1 Hill, 302; *Rowley* v. *Bigalow*, 12 Pick. 307; *Somer* v. *Brown*, 2 Pick. 184; *Anderson* v. *Roberts*, 18 John. 515; *Mowley* v. *Walsh*, 8 Cowen, 238; *Stephenson* v. ———, 16 Eng. L. and Eq. 401; Chitty on Contracts, p. 407.

8. When property is stolen, the possession continues with the owner in contemplation of law,—but in cases of fraudulent purchases, if the property so obtained is afterwards sold to one having no knowledge of the fraud and for value, such person will be protected, and the plaintiff in error, who was the defendant in the court below, should have been permitted to make such proof.

*George*, for defendant in error, contended that the sale by Portwood to Magee was a nullity,—the consideration paid by Magee for the horse was a stolen negro.    A null sale is no sale; hence the title remained in Portwood, and Magee could convey no title to *his* vendee.    Contended that the rule about *bonâ fide* purchases in market overt is not applicable in this country: that the rule laid down in Story on Sales is, that if the sale be *voidable and not void*, then the subvendee without notice acquires title.

It is well settled that if the thief sell stolen property, the pur-

Lee *v.* Portwood.

chaser gets no title; this may well be said to be a larceny. 86 Miss. 573, *Walton* v. *The State ;* 10 Peters, 175.

The death of the horse sued for is no defence. *White* v. *Ross,* 5 *Stewart & Porter,* Ala. R. 123 ; *Betts, adm.,* v. *Taylor,* 8 Porter, 564.

ELLETT, J., delivered the opinion of the court.

This was an action of replevin to recover a horse. On the trial the plaintiff testified that in June, 1857, he purchased a negro of one Magee, and gave him the horse now in controversy, at the sum of $250, in part payment ; that afterwards one Tindle claimed the negro, and alleged she had been stolen from him, and plaintiff, being satisfied that the negro had been stolen, gave her up to Tindle. He stated that the horse was worth $250, and that in the early part of September, 1859, he saw the horse in possession of defendant Lee.

Tindle testified that the negro had been stolen from him, that he found her in possession of plaintiff, and afterwards sold her to him for $1000. This was all the evidence on the part of the plaintiff.

Defendant then offered to prove that Magee afterwards sold the horse to Riley for $150, which was paid by Riley in cash, and that he purchased the horse from Riley for a valuable consideration, without notice of the manner in which he was obtained from plaintiff. This evidence was ruled out by the court, and a bill of exceptions taken, and this action of the court is assigned for error.

It seems very clear that the evidence offered by the defendant ought to have been admitted. The proper rule on the subject is clearly stated in Story on Sales, 159, and is amply sustained by authority. " There is, however, a distinction which obtains between cases where sales are made of property to which the vendor has obtained a title by fraudulent means, and cases where the vendor has no title, and has obtained possession of the goods by felony or chance, or who holds them as a mere bailee. In the former class of cases, where the vendor has obtained his title by fraudulent representations, or artifices, he

can make a valid sale of the goods to a *bonâ fide* purchaser for a valuable consideration, so as to deprive the original owner of his powers to retain them.   The reason of this rule is, that where property is obtained with the assent of the real owner, however he may have been deceived, the contract is not void, but only voidable at the instance of the party deceived.   The valid title, therefore, passes to the vendee, subject indeed to the avoidance of the contract by the vendor, but being perfectly good until such avoidance is made.   If then the vendee should, while in possession of the goods, and before the nullification of the contract by the vendor, sell to a *bonâ fide* purchaser for a valuable consideration, the sale would be binding as against the original vendor."

This principle applies fully to the case of the horse in controversy, which was sold by the fraudulent vendee to a *bonâ fide* purchaser, for value, without notice.   If the facts were as offered to be proved, they would constitute a good defence to the action.

The judgment will therefore be reversed, and the cause remanded for a new trial.