## L. E. EAKIN v. MOSE GWIN.

**Replevin — Parties to Suit.**

In an action of replevin where a party appears and defends the suit in a justice of the peace court and makes bond and appeals to the Circuit Court from an adverse judgment and was all along treated as a party, an objection made for the first time in a motion for a new trial in the Circuit Court is without merit even though the affidavit on which the writ is issued does not name them.[1].

**Witness — Estate of Deceased Person.**

To exclude a party as a witness to prove his own claim or right, it must be against the estate of a deceased person in the suit in which he proposes to testify and the fact that the estate of a deceased person might be prejudicially affected is not sufficient to exclude him.[2]

**Rule for Costs — Affidavit of Poverty.**

The affidavit of poverty prescribed by statute, §§ 2368-69 of the Code of 1880, answers for the prepayment of costs and also the rule to give security for costs.[3]

Action of replevin by appellee, Gwin, against appellants. From verdict and judgment for plaintiff defendants appeal. Reversed.

---

**1**

The record alone shows who are parties to a cause. McPike v. Wells, 54 Miss. 136.

The entire record is to be considered, including pleadings, process, and proceedings, in determining who are parties. McCartey v. Kittrell, 55 Miss. 253.

Where a railroad company incorporated in another State, and doing business in this State, is sued in the courts of this State, appears by attorney, and pleads to the merits, he cannot on appeal raise the objection that the court has no jurisdiction. Railroad Co. v. Wallace, 50 Miss. 244.

Though there is no service of process, where an answer in chancery is signed " counsel for the defendants," this is an appearance and will justify a decree. Lester v. Watkins, 41 Miss. 647.

The taking of a bill of exceptions is an appearance. Young v. Rankin, 4 Howard, 27.

All persons are bound as parties to a judgment who have the right to protest the proceedings in the cause; to make defense; to adduce and cross-examine witnesses, and to appeal from the decision when an appeal lies. Lipscomb v. Postell, 38 Miss. 476.

Appearance cures defective return. Hathcock v. Owen, 44 Miss. 799.

In arbitration and award, if the parties appear by counsel, the record need not show that they were notified to appear. Miss. Cotton Oil Co. v. Buster, 84 Miss. 91.

Mose Gwin brought this action of replevin to recover possession of one mule. The affidavit alleges that the mule was wrongfully detained by Daniel McBride and W. A. Treadwell. Appellant appeared and defended the suit in the justice of the peace court and made bond and appealed to the Circuit Court from a judgment for the plaintiff; she appeared there and defended the suit and for the first time raised objection that she was properly a party to the suit in her motion for a new trial after verdict and judgment against her in the Circuit Court.

In the justice of the peace court plaintiff was ruled for the costs; he gave a bond which was not approved by the court and it was ordered that he give bond instanter. Eleven days afterward the case was called for trial and plaintiff made affidavit of poverty prescribed by statute, and defendants' motion to dismiss the suit for noncompliance with rule for costs was overruled.

On the trial, Mose Gwin, plaintiff, was introduced as a witness in his own behalf and testified that he bought the mule in 1882, from F. L. Arnold. Defendants objected to the witness being allowed to testify about any matter or transaction had with F. L. Arnold during his lifetime and offered to show that in

Better evidence as to notice to the original defendant need not be given. If there is proof that he appeared and contested the suit the judgment will be supported. Redus v. State, 54 Miss. 712.

Judgment void for want of a legal summons will be reversed and remanded, but the defendant will be held to be in court for further proceedings. Joiner v. Banks, 75 Miss. 382.

Motion to quash process for any defect amendable on motion is such an appearance as dispenses with necessity for the amendment. McClanahan v. Brack, 46 Miss. 246; Spratley v. Kitchens, 55 Miss. 578.

2

To exclude a party as a witness to prove his own claim or right, it must be against the estate of a deceased person in the suit in which he proposes to testify. Love v. Stone, 56 Miss. 449; Cole v. Gardiner, 67 Miss. 670; Jackson v. Smith, 68 Miss. 53.

The objection is not valid that will remotely and collaterally contribute to or create a liability that may or may not be vindicated in some other proceeding. Griffin v. Lower, 37 Miss. 458; Lamar v. Williams, 39 Miss. 342; Faler v. Jordan, 44 Miss. 283; Love v. Stone, 56 Miss. 449; McCutchen v. Rice, 56 Miss. 455; Fennell v. McGowan, 58 Miss. 261; Combs v. Black, 62 Miss. 831; Cole v. Gardiner, 67 Miss. 670.

Statement of the Case.

the early part of 1884, F. L. Arnold sold the mule under a claim of having bought it from plaintiff and that one of the defendants claimed the mule through said Arnold, and that on the institution of this suit Arnold obligated himself to save defendants harmless from any adverse judgment and made the appeal bond from the judgment of the justice of the peace court and afterward died, and that his estate would have to pay any judgment that might be rendered against the defendants.

The court held that these facts did not disqualify the witness and he was allowed to testify over the objection of defendants. Witness then testified that he had bought the mule from said Arnold, and had paid him for it in full, but owed him an account, and that he loaned the mule to one Perkins and said Arnold got the mule from Perkins without his consent and would not let him have it any more but sold it to one of the defendants without his knowledge or consent. The evidence for defendants was to the effect that plaintiff had never paid for the mule and owed Arnold an account besides and that plaintiff voluntarily delivered the mule to said Arnold as part payment on what he owed Arnold.

Defendants' motion for a new trial was overruled and hence the appeal.

This does not apply to the original beneficiary of a life insurance policy, where the policy had been assigned in favor of a third person, by his consent. Cockrell v. Cockrell, 83 Miss. 385.

Testimony of heirs of the husband to a contract between him and his wife, made before and in contemplation of their marriage, to the effect that the surviving husband or wife should take only life estate in the property of the other, is not incompetent against the estate of the wife. Steen et al. v. Kirkpatrick et al., 84 Miss. 63.

Witnesses are incompetent to testify to establish their own claim against the estate of a decedent. Moore et al. v. Crump et al., 84 Miss. 612.

A party plaintiff who has no beneficial interst in the suit is a competent witness for the usee. Hedges v. Aydelott, 46 Miss. 99.

Executors or administrators cannot establish items of credits originating in lifetime of decedent. Haralson v. White, 38 Miss. 178; Gordon v. McEachin, 57 Miss. 834.

Executor or administrator is competent as to matters occurring after death of intestate. McDonald v. McDonald, 68 Miss. 689.

Parties to the suit are competent witnesses if the cause of action originated after death of decedent. Witherspoon v. Blewett, 47 Miss. 570.

This applies although the decedent conducted the transaction out of which

Statement of the Case.

APPEALED from Circuit Court, Holmes county, C. H. CAMPBELL, Judge.

Reversed and remanded, April 27, 1885.

*Attorneys for appellant, Gwin & Noel.*

*Attorneys for appellee, Hooker & Wilson.*

Brief for appellant:

As admitted, appellee was ruled for, and gave security for costs in the justice of the peace court, on November 29, 1884; as appears by the order of the Circuit Court, appellee was again ruled for costs, his first bond for costs being lost; and it was ordered by the court " that said motion be sustained and that plaintiff do give security for costs instanter." No security was then given, the surety below being tendered and refused, and no further action was taken till the call for trial, which occurred eleven days afterward, one day more than is allowed in any justice of the peace court for complying with a ruling for costs. Defendants below moved to dismiss the case for failure to comply with the above ruling for costs. Then, for the first time, appellee interposed his affidavit of poverty; and the motion was overruled

the transaction arises by an agent who is yet alive and has testified in the case. McCaughan *v*. Hardy, 78 Miss. 598.

An administrator although the distributee of the intestate's estate is a competent witness to establish a claim of his intestate against the claim of another decedent. Cocke *v*. Abernathy, 77 Miss. 872.

The term " estate " is used in its broad and popular sense to signify all property of every kind which one leaves at his death. Jacks *v*. Bridewell, 51 Miss. 881; Green *v*. Mizell, 54 Miss. 220; Rothschild *v*. Hatch, 54 Miss. 554; Jackson *v*. Smith, 68 Miss. 53.

The deposition of a plaintiff, taken during the lifetime of the defendant, and pending suit, cannot be read on the trial after defendant's death and revivor of the suit. Hewlett *v*. George, 68 Miss. 703.

The right of an heir does not originate in the lifetime of the decedent. Covington *v*. Frank, 77 Miss. 606.

3

A litigant who has sued *in forma pauperis* in a justice court cannot appeal from an adverse judgment without bond. Woods *v*. Davidson, 57 Miss. 206.

Security for costs may be given after the expiration of the sixty days and after motion at the succeeding term to dismiss the case. The matter is within the discretion of the court. Martin *v*. Kelly, 59 Miss. 652.

and the first exception taken.    The court's previous order of record was not set aside, but was wholly disregarded and violated. Can a court of its own motion, and without evidence, thus disregard its previous order?    After an order requiring security for costs is the time of compliance limitless?

In this instance the affidavit was made an instrument of oppression.    The justice of the peace security being insolvent, none being given above, appellee summoned a host of witnesses, only a part of whom testified and some of those on immaterial matters, and their fees alone are about four times the value of the mule.

While it has been held that after a sixty days' ruling for costs, security may, in the discretion of the court, be given, we submit that under the circumstances of this case, especially as no security was given, there was no room for the exercise of such discretion; and that a litigant *in forma pauperis* should be held to a strict conformity to statutory requirements.

After appellee's allowance to proceed with his case, on his affidavit of poverty, he was placed on the witness stand, and examined by the court as to the truth of the statements of his affidavit, and testified that he had a good case, and also a cow, and some hogs, number not given, and that he had asked but two persons, Roly Jackson and J. M. Sargent, to become his sureties for costs, and both agreed to do so, and the first was refused by the court and the other declined after learning the largeness of the costs.    He had tried but two persons, and both had shown willingness to become his surety.    He might easily have found some solvent person, who, unlike Sargent, might have been undeterred by the size of the cost bill.

It was shown by the evidence offered, and rejected by the court as being immaterial, that one of the appellants claimed the mule through Arnold; and that, upon the institution of this suit, Arnold's duly authorized agent obligated him to satisfy any judgment rendered in this suit for the mule or its value; and that, upon rendition of judgment in justice of the peace court, said agent obtained, in said Arnold's behalf, the sureties on the appeal bond, the agent being one of them, and that the sureties were to protect the principals; and Arnold was obligated to protect the sureties; and that Arnold died before the trial in the Circuit Court, the agent as shown by the evidence being left as his executrix.    Under these circumstances, the judgment would be a debt against Arnold's estate, and appellee should not have been allowed to testify the

matter objected to, in the establishment of his claim against that estate. Without his evidence, on those points, there is no pretense of a case. \* \* \*

The court granted some very liberal instructions to the defense below but nullified their effect by directly contrary instructions for appellee, thus leaving the jury ignorant of which of the two contrary sets of legal propositions were really law.

One of the two refused instructions, the tenth, declares that the jury could not legally find for appellee unless the mule was proven to be in the possession of McBride or Treadwell. The other refused instruction, the sixth, declares in addition to this, that L. E. Eakin is not a party to this suit; and that if the jury believed from the evidence that, at the time of the institution of this suit, the mule was in L. E. Eakin's possession, the jury could not find a verdict for plaintiff.

The correctness of each of these instructions depends upon the question of whether or not L. E. Eakin was properly made a party to this suit. If L. E. Eakin was not, as we think we have properly demonstrated, then the refusal to grant those instructions were errors of vital nature. At that time there was neither proof, nor any agreement, showing that L. E. Eakin gave bond for the mule or appeared in the lower court. According to the record, such agreement, if any, was not made till the motion for a new trial. At that stage of the case, the only evidence in regard to a replevin bond was the officer's return, showing as bondsmen, D. McBride, Mose McBride, and E. E. Eakin. If by E. E. Eakin, L. E. Eakin was intended, then as that name came last, it appears to be only that of a surety.

As the affidavit in replevin, the only matter of pleading in the case, did not make L. E. Eakin a party to the suit, and as her connection with the case, if any, was created and established solely by evidence; then, if such a thing can be done by mere evidence, an issue should have been made, and a verdict had on that question, which would have been an absurdity.

In writing the latter part of our brief, using the original papers for reference, we omitted noticing one of the most objectionable of appellee's instructions which had become separated from the other papers.

It explicitly tells the jury that even if appellee gave his consent to Arnold's taking the mule as a credit on his indebtedness, that the jury, if they believe Arnold's account was then paid, must

treat that consent as being void not only as to Arnold, but as to any purchaser from him. If such is the law, there is no such thing as an estoppel or protection to a purchaser who acquired property in good faith from a vendor, who holds and disposes of property by the consent of his previous vendor.

*Brief of Hooker & Wilson:*

The third cause for new trial was the action of the court in allowing the plaintiff to prosecute his suit *in forma pauperis.* This was a matter in the discretion of the court, and certainly under the evidence the court exercised that discretion in a proper and suitable manner.

The fourth cause of error assigned in the motion was the action of the court in allowing plaintiff to testify as to his transactions with F. L. Arnold, deceased, from whom he purchased the mule in controversy. Certainly he is not prohibited by the statute from testifying. The estate of F. L. Arnold is not involved in this suit. If at all, it is only collaterally affected by the results of this suit. Love *v.* Stone, 56 Miss. 499 ; McCutcheon *v.* Rice, 56 Miss. 455.

Again it is claimed that judgment should not have been rendered against L. E. Eakin. That she was not a party to the suit. It appears from the record that the writ was executed against her. Bonded by her, an appeal bond executed by her, judgment against her and D. McBride, surety, style of the case against her and W. A. Treadwell. The instructions taken as a whole are correct. * * *

If any error was committed by granting plaintiff's instructions, it was corrected by the instructions for the defense.

The sixth and tenth instructions asked by the defense were properly refused. They were based on the theory that Mrs. Eakin was not a party to this suit. The principle invoked that it must be shown that the defendant is in possession of the property in actions of replevin is given in the eleventh instruction. While we do not think the rule applies where the defendant gives bond for the property and litigates the plaintiff's demand, it is useless to discuss the propriety of giving the instruction. The defense asked and got the benefit of the instruction.

OPINION.— ARNOLD, J. :

It was proper to allow the appellee to prosecute his suit after he had made oath of his inability to give security for costs. The

oath prescribed by statute of a meritorious cause of action, and inability to give security for costs, answers for the prepayment of fees before suit is brought, and the rule to give security for cost, after suit is brought. Code, §§ 2368-2369.

The statute which prohibits a person from testifying as a witness to establish his own claim for or against the estate of a deceased person which originated during the lifetime of such deceased person, etc., did not disqualify the appellee from testifying as to transactions between him and Arnold in regard to the mule. The mule had been sold to the appellants by Arnold in his lifetime. It was not a part of his estate. No claim was asserted against his estate in this suit. The fact that Arnold's estate might be affected by the result of the suit did not render appellee incompetent as a witness in the suit. Love et al. *v.* Stone, 56 Miss. 449; McCutcheon *v.* Rice & Co., 56 Miss. 455; Rothschild *v.* Hatch et al., 54 Miss. 554.

The objection that L. E. Eakin is not a party to the suit is without merit.

It is true she is not named in the affidavit upon which the writ was issued, but as one of the defendants she made bond and appealed from the judgment of the justice of the peace to the Circuit Court, and from the Circuit Court to this court.

It was shown that she was the last purchaser of the mule in controversy, and it does not appear that she anywhere objected to being considered and treated as a party to the suit, until a motion was made by her and her codefendant for a new trial in the Circuit Court.

The contest in the Circuit Court was devoted mainly to the question whether or not appellee was indebted to Arnold at the time the latter obtained the mule. The true issue in the case seems to be whether or not the appellants are *bona fide* purchasers for value, without notice of defect, if any existed, in Arnold's title. If appellee consented for Arnold to have the mule, though his consent may have been obtained by artifice and fraud, and appellants bought from Arnold while in possession, in good faith, for value and without notice of any infirmity in his title, this title must prevail, and appellee's remedy is against Arnold. Lee *v.* Partwood, 41 Miss. 109.

The instructions to the jury and the trial in the lower court were not in accordance with these views, and the judgment is
*Reversed and cause remanded.*