## WM. HALE *v.* J. W. KEARLY.

1. MARRIED WOMEN. *Evidence. Action for damages. Administration.* A widow who has brought suit, nominally in the name of her administrator, he refusing to act, for the benefit of herself and infant child, claiming damages caused by the killing of her husband by the defendant, is a competent witness, under the circumstances, to prove the facts of the difficulty resulting in the husband's death. The defend-

Hale *v.* Kearley.

ant, in such case, is also a competent witness in his own behalf, even as to transactions with and statements by the deceased.

Case cited: Brewer *v.* Ferguson, 11 Hum., 566.

Code cited: Sec. 2292, 3813.

Act cited: Feb. 24, 1870, sec. 2.

FROM BLEDSOE.

Appeal from the Circuit Court. JOHN B. HOYLE, Judge.

THOS. & D. L. SNODGRASS for plaintiff.

JONES, NORTHRUP & SWOFFORD for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Martha Kearly, widow of Daniel Kearly, deceased, instituted this suit, in the Circuit Court of Bledsoe county, in the name of J. W. Kearly, administrator of Daniel Kearly, deceased, for the benefit of Martha Kearly, the widow, and an infant child of Daniel Kearly, the administrator having refused to bring the suit against Wm. Hale for unlawfully killing Daniel Kearly.

Upon making the proper affidavit, Martha Kearly, the widow, brought the suit in the name of the administrator, without giving security for costs, as authorized by sec. 2292 of the Code. A motion to dismiss the suit because a sufficient affidavit was not made was properly overruled.

Hale plead in abatement that Daniel Kearly was a resident of Bledsoe county at his death, and that the administrator was appointed by the County Court

of Cumberland county. This plea was stricken out on motion.

There was no error in this, as the plea did not negative the fact that Daniel Kearly had two places of residence, one in Cumberland and one in Bledsoe, nor the fact that his residence in Bledsoe was merely temporary and not permanent.

The cause was tried by a jury on the plea of not guilty, and verdict rendered for plaintiff for $700. Defendant Hale appealed.

The widow of Daniel Kearly was examined as a witness, over the objection of defendant Hale, as to the circumstances of the killing. It is insisted for defendant that witness was incompetent, by reason of her having been the wife of the deceased at the time of the killing. It appears that the witness was present when the killing took place, and was allowed to detail the transaction as she saw it, not being involved in it herself in any way. What she saw and detailed occurred while the marriage relation subsisted between the witness and the deceased.

It is a general principle, not affected by the recent legislation making parties competent as witnesses, that neither the husband nor the wife is a competent witness for or against each other in matters either civil or criminal. This rule rests now entirely on public policy, and has been repeatedly followed by this court within the last few years.

But the question has not before been presented in the shape in which it arises in this case. The suit is only nominally in the name of the administrator of

the deceased husband, his estate has no interest in it,. and he is not even responsible for costs. It is a suit really of the widow and her infant child, claiming damages for the killing of her husband and the child's father. The reason of the rule which excluded the evidence of husband or wife is stated as follows,. in *Brewer* v. *Ferguson,* 11 Hum., 566 : "In addition. to the ground of interest and identity, there is a further objection to their competency, founded in social and moral considerations, of still greater weight to enforce or permit the husband or wife to publish and prove before the court the conduct and conversation of. the other, made known to the witness in the frankness and freedom of a confidential intercourse, so proper to their relation, would be, as we think, of injurious consequences to the happiness of families and the well being of society."

It is readily conceded, that on the grounds of public policy, neither husband nor wife should be allowed to testify as to the conduct or conversation of either, made known in the frankness and freedom of a confidental intercourse; but can the case apply, as in the present case, where the wife happens to witness a rencounter between her husband and third party, which results in the death of her husband? What reason of public policy forbids the wife to detail what she saw in a suit for damages for the killing? Although the rule seems to be laid down in the case just referred to in terms sufficiently broad to exclude the widow or the wife in almost every case, yet the facts in that case brought it clearly within the general

rule, but did not require a statement of the rule to be laid down so broad as to exclude evidence which could not be obnoxious to the reason of public policy on which the rule is founded. While we recognize the correctness of the general rule, we hold that the facts in this case show that the reason of the rule can have no application, and, therefore, that the testimony was properly admitted. This is in accordance with the exception to the general rule, as laid down by Mr. Greenleaf, vol. 1, sec. 254, where he says: "Therefore, after the parties are separated, whether it be by divorce or by the death of the husband, the wife is still precluded from disclosing any conversation with him, though she may be admitted to testify to facts which came to her knowledge by means equally accessible to any person not standing in that relation." See also sec. 338.

The next error relied on is, that the court refused to allow Hale, the defendant, to be examined for himself as to the circumstances of the killing. This testimony was held incompetent, because it is an action by the administrator of a deceased party, and the testimony offered was as to transactions with or statements of the intestate. It is true that by sec. 3813*d* of the Code, evidence of such transaction or statement is made incompetent in all cases in which judgment may be rendered for or against the administrator. But while it is true that the administrator of Daniel Kearley is the plaintiff in this suit, it is also true that he is merely a nominal party, and that the estate of his intestate has no interest whatever in the result of

the suit, and that no judgment can be rendered either
for or against him which can affect the estate of his
intestate.

We do not think the statute was intended to ex-
clude the testimony of a party situated as defendant
Hale is in this case. We are therefore of opinion that
the court erred in excluding the evidence, and for this
error the judgment is reversed.