JAMES McCUTCHEN, SURVIVOR, *v.* RICE & Co.

1. WITNESS. *Estate of deceased person. Partnership.*
   In a suit against a surviving partner on a partnership contract, made by the survivor with the plaintiff during the existence of the firm, the latter may testify as to a conversation of the former in relation to the contract, although it occurred in the lifetime of the deceased partner.

2. BILL OF EXCHANGE. *Conditional acceptance.*
   A drawee may accept a draft conditionally, and, if the payee assents thereto, that constitutes the contract.

3. SAME. *Verbal acceptance.*
   The acceptance of a draft may be implied from the conduct or words of the drawee.

4. PRINCIPAL AND AGENT. *Collector. Diligence.*
   A collector is absolved from his duty to collect a claim intrusted to him for collection, by the owner's withdrawal of the claim before collection is possible.

ERROR to the Circuit Court of Warren County.

Hon. U. M. YOUNG, Judge.

David Rice and Allen A. Binsley, under their firm name of Rice & Co., brought this suit, before a justice of the peace, against James McCutchen, surviving partner of the late firm of McCutchen & Co., on their alleged acceptance of the following instrument : —

" *Messrs. McCutchen & Co.* : —

" You will please place the sum of eighty-two ($82) dollars out of the proceeds of six bales cotton, shipped through you this day, to the credit of Messrs. Rice & Co., Vicksburg, and oblige,

" Yours truly,

" DEC. 24, 1873. <span style="float:right">F. W. JOHNS."</span>

On the trial in the Circuit Court, to which the defendant appealed, the jury were instructed, for the plaintiffs, that if Johns delivered to McCutchen & Co. the cotton, to be by them shipped and sold, and on the same day gave the order sued on to the plaintiffs, who presented it to McCutchen & Co., when James McCutchen, for his firm, agreed to pay the same when the cotton should be sold, provided it brought enough to pay their advances and the order, they should find for the plaintiffs

if the cotton sold for enough to pay the advances as well as the order, although, before the cotton was sold, the plaintiffs took the order out of McCutchen & Co.'s hands, saying they would make their money by law, and although there was at the time in McCutchen & Co.'s hands a subsequent draft drawn on the same proceeds in favor of J. & T. Green, which was afterwards paid. The court *refused* to charge, for the defendant, that unless McCutchen accepted the order unconditionally, he is not liable ; that, being drawn for part of a particular fund, it was not an assignment thereof, and the defendant was not bound to accept it absolutely. The court also refused to give for the defendant the following instruction : —

" 8. In order to entitle the plaintiffs to recover on this claim as a collection left in their hands (McCutchen & Co.'s), they must find that it was through default of McCutchen & Co. that it was not collected ; and if the jury believe, from the evidence in this case, that Rice & Co. took the claim out of McCutchen & Co.'s hands before they could have collected the same, they must find for the defendant."

The verdict was for the plaintiffs ; and from the order overruling the motion for a new trial the defendant brings up the case.

*T. C. Catchings*, for the plaintiff in error.

1. An order drawn for part of a fund does not operate as an assignment, or give a lien as against the drawee, unless he consents to the appropriation by an acceptance of the order. *First National Bank* v. *Whitman*, 94 U. S. 343 ; *Mandeville* v. *Welsh*, 5 Whart. 277 ; *Burnett* v. *Crandall*, 4 Cent. L. J. 230 (1877) ; *Merrill* v. *Palmer*, 6 Cush. 284 ; *Cowperthwait* v. *Sheffield*, 1 Sandf. 416 ; Dan. Neg. Inst. 19, 20. Such acceptance, to be valid, must be in writing. Code 1871, sect. 2230.

2. The plaintiff Binsley should not have been permitted to testify, because his testimony was designed to establish a claim in his own behalf against William McCutchen's estate, by proving a conversation with the dead partner. *Faler* v. *Jordan*, 44 Miss. 291 ; *Hanno* v. *Aroy*, 77 Pa. St. 29 ; *Karns* v. *Tanner*, 16 P. F. Smith, 297 ; *Stanbridge* v. *Catanach*, 83 Pa. St.

371; *Moore* v. *Harlan*, 37 Ga. 624; *McGehee* v. *Jones*, 41 Ga. 123; *Spencer* v. *Trafford*, 42 Md. 17.

3. The evidence failed to make out an acceptance by Mc-Cutchen. He did not contract to pay the draft, conditionally or otherwise. *Jenne* v. *Ward*, 1 Barn. & Ald. 314; 1 Pars. on Notes & Bills, 285; 1 Dan. Neg. Inst., sect. 504; *Reese* v. *Warwick*, 1 Barn. & Ald. 426; Byles on Bills, 142; *Clark* v. *Cock*, 4 East, 57.

*Miller & Hirsh*, for the defendants in error.

1. The verdict being right on the evidence, this court will not reverse for erroneous charges. There is no difference between an agreement by the drawee to pay out of the money when collected, and to collect the draft out of the money when paid to him.

2. The instructions are correct. Sect. 2230 of the Code of 1871 does not change the common law as to acceptances. An acceptance may be verbal, or even implied from the parties' acts, and it may be conditional. The eighth charge asked for the defendant, which was based on the theory that McCutchen took the draft for collection, was inapplicable to the facts.

3. The money itself belonging to the drawer, he could assign it, and the suit could be maintained without any acceptance. *Allen* v. *Williams*, 12 Pick. 297; *Bank* v. *Gordon*, 15 Gray, 362; *Munn* v. *Bush*, 25 Ill. 25; *Insurance Co.* v. *Steifel*, 28 Ill. 168; *Robertson* v. *Austin*, 26 Iowa, 315; *Lester* v. *Given*, 8 Bush, 357.

4. The testimony of Rice was admissible, relating solely to a conversation by him with the survivor, James McCutchen. *Faler* v. *Jordan*, 44 Miss. 283. Binsley's testimony was also competent. If not, James McCutchen having admitted the same facts proved by Binsley, the admission of his testimony was immaterial.

SIMRALL, C. J., delivered the opinion of the court.

The contention in the court of original jurisdiction, by Rice & Co., was, that McCutchen & Co. had conditionally accepted

the order verbally. The questions brought up for review are: *First,* Did the plaintiffs, Rice & Co., offer testimony in maintenance of their claim, sufficient to warrant the verdict in their favor? and, *secondly,* Was the law of the case correctly given to the jury by the court?

There was testimony tending to prove that Johns, the drawer of the order, delivered to McCutchen & Co. six bales of cotton, for shipment to Messrs. Richardson & May, for sale, and that, on the same day, he drew the order in favor of Rice & Co. against the proceeds; which, when presented to McCutchen & Co., they declined to accept in writing, but agreed to pay if the cotton produced enough to reimburse their advances and charges and the amount of the order. It was proved that McCutchen & Co. realized enough to reimburse them and to pay the order.

Without summarizing the testimony, which, in some particulars, is conflicting, it suffices to say that the rules which have uniformly guided this court in reviewing verdicts alleged to have been against the weight of the evidence, or without sufficient testimony, forbid us to set aside this verdict on either ground.

The section of the Code (sect. 2230) does not, as insisted by counsel, require an "acceptance" to be in writing. In this State that subject is governed by the general law. The usual and better mode, freest from liability to misunderstanding and uncertainty, is for the drawee to manifest his acceptance, and the terms of it, in writing. That may be done by writing his name across the face of the paper, or the word " accepted," or any words clearly manifesting the purpose.

Such contract, however, is not within the Statute of Frauds, and need not be in writing. It may be made verbally. It may be implied from the conduct or words of the drawee. It may be conditional, and, if assented to by the payee, or holder, he will be bound by the terms of it. 1 Dan. Neg. Inst., sects. 446, 504; 1 Pars. on Notes & Bills, 282; Story on Bills, sect. 243.

Whether McCutchen & Co. accepted verbally, or agreed to pay the order on a contingency, and whether the condition had happened, were issues of fact for the jury; and, as we have said, their finding on the evidence would be conclusive on this court, unless the plaintiff in error has been prejudiced by the rulings of the court on the admission of testimony, or the charges to the jury, or the refusal of charges asked by him.

The competency of the witness Rice, one of the plaintiffs, was drawn in question because the tendency of his testimony was to establish the claim against the estate of William Mc-Cutchen, deceased, of whom James McCutchen was the survivor. The import of the testimony of Rice was, that he presented the order to James McCutchen, and that, although he declined to formally accept, yet he agreed to pay conditionally.

The general purpose of the statute (Code, sect. 758) is to provide that, when one of the parties to a litigated obligation or claim "has been silenced by death, the other shall be silenced by the law." In such case, the surviving party shall not be heard to establish or discharge it by his own testimony, in a suit with the personal representative of the decedent. There is no difficulty in the application of the statute where there were but two parties to the obligation, and one has since died.

A negotiation and contract with one member of a commercial firm is a contract with the partnership, and binds all. Yet if the contract was actually negotiated with a partner who is the survivor, and defendant to a suit founded on it, the plaintiff, who deposed to what occurred would speak of no fact of which the defendant was not cognizant, and about which he could not offer explanation. The parties would occupy an exact plane of equality. But it has been urged by counsel that if a recovery is had, as the result of the testimony of the witness, the effect will be to establish the claim against the estate of William McCutchen, the deceased partner.

The intent of the section is to disqualify a living person from

establishing his own claim against the estate of a decedent, "which originated in the lifetime of such deceased person." The design was to close the door to frauds and perjuries to prey upon the estate by setting up unjust and simulated claims. In terms, the statute only excludes the survivor where the object of the suit is to "*establish*" the claim of the witness against the *decedent's estate*. If a recovery in the suit where the plaintiff testifies would only collaterally affect the estate of the decedent in some proceeding or settlement between his personal representative and the defendant, then it cannot be said that the object of the suit or the effect of the judgment would be to reach and obtain satisfaction from the decedent's estate.

Rice & Co. sought a recovery against James McCutchen, survivor. The judgment would bind the assets of the firm, which the law devolved on him, and his individual property. Under such a judgment, the estate of William McCutchen, in the hands of his personal representative, could not be touched.

The administrator of William McCutchen has no title or interest in the partnership assets, except as to whatever may be the share or interest of his intestate in such excess as may remain after liquidating the joint debts and settling the partnership accounts, according to the articles. The recovery in this case would be a factor in the accounting and settlement between James, the survivor, and the administrator of William ; and in that sense and to that extent only is the estate of William involved.

The last clause of sect. 758 clearly supports the view taken of the section, as to its reason and purpose. The claimant may give evidence to prove his demand, "if it originated after the death of the testator, or intestate, in the course of administering the estate." In such case, all parties to the transaction are living, and the mischief apprehended from false claims against a decedent cannot exist. Such testimony was held to be competent under the Code of 1857, which did not contain the final clause of sect. 758 in the present Code.

*Witherspoon* v. *Prewett,* 47 Miss. 574–576. In *Faler* v. *Jordan*, 44 Miss. 286, Jordan, the plaintiff in a suit against the surviving partner, was held to be competent, although the recovery would conclusively establish the debt against the partnership, and thereby collaterally affect the interest of the deceased member.

Referring to the cases of *Lamar* v. *Williams, Admr.*, 39 Miss. 347, and *Griffin* v. *Lower*, 37 Miss. 458, they were claimed as establishing the same principle, namely, "that the testimony must, in the particular suit, establish a claim or right against the decedent's estate." "If its effect would be remotely and collaterally to contribute to or create a liability that may or may not be vindicated in some other proceeding, the testimony ought to be received."

In *Love et al.* v. *Stone et al., ante*, p. 449 (decided at this term), the doctrine of these cases is distinctly reaffirmed. It was there said, that "the fact that Wooten's estate may be prejudicially affected, as a result of the termination of this suit in favor of Stone, does not render Stone incompetent in this suit, as Wooten's estate is not the subject of this suit."

William McCutchen's estate is not "the subject of this suit;" and though it may be "prejudicially affected, as a result" of a recovery by Rice & Co., that does not render Rice "incompetent in this suit." We think the competency of the witness is settled by these authorities, whatever view of the subject may be taken by other courts.

Wharton, in his treatise on Evidence (vol. 1, sect. 469), in the chapter on the statutes *in pari materia* with ours, states, in general terms, that the incapacity does not attach "where there were two or more defendants to the contract, when it was made with the living defendant, or with him and the deceased concurrently." But these statutes are so variant that it would be unsafe to accept decisions expository of them without a careful study of their several provisions.

Under the Pennsylvania statute, in *Hanna* v. *Way*, 77 Pa. St. 30, the plaintiff was excluded "because the acting part-

ner, who transacted the business, was dead, and the benefit of his testimony was lost to the partnership.'' Under the Georgia statute, in *Harlow* v. *Harlan & Hollingsworth*, 37 Ga. 624, it was ruled that, as the contract was made with the living partner, the adverse party to the record was a competent witness. See also *McGehee* v. *Jones*, 41 Ga. 123 ; *Mining Co.* v. *Latimer*, 51 Ga. 47.

We rest our conclusion on the interpretation which our own adjudications have placed upon the statute, observing that neither Rice nor Binsley is in the category of the witness in *Hanna* v. *Way*, *supra*, but they are in the position of the witness in the case of 37 Ga., *supra*.

The law germain to the issue was correctly expounded in the charges given for the plaintiff.

The third request offered by the defendant was properly refused. As we have said, the drawee is not obliged to accept unconditionally or decline altogether, as assumed in this request. If he proposes an acceptance on terms, or to pay on condition, if that is assented to by the payee, or holder, who presents, a conditional liability is assumed.

The objection to the fourth, fifth, and sixth prayers is, that the idea intended to be conveyed — in the first, especially, which is the predicate of the others — is obscurely expressed, and might have tended to mislead the jury. If the drawee objects to the order because it is for a fraction of the special fund which it proposes to dispose of, he may decline to accept, because of an unwillingness thus to split up his entire liability to the drawer ; but he is not bound to accept absolutely and unconditionally, if the payee is satisfied with a conditional promise.

One line of defence suggested by the testimony was, that McCutchen & Co. assumed no other responsibility as to the order except to collect it, if left with them for that purpose ; and that no default or neglect is imputable to them, the order having been taken back before they realized from the cotton, and because they had no control over the order when

the money was received, and had a right to suppose, from the remark of Binsley when he withdrew it, that Rice & Co. would attempt to collect their debt by other means, or from another source, that they had abandoned their rights as against the proceeds of the cotton, and, therefore, McCutchen & Co. were at liberty to pay over the money to J. & T. Green.

We express no opinion as to the force and weight of the testimony, further than that the defendant submitted testimony on that issue which was proper to be considered by the jury.

On this phase of the defence the defendant asked the eighth charge, which the court declined to give. That prayer contained the rule of law applicable to the state of case hypothecated in it, if the jury believed that it had been satisfactorily proved.

If the order was left with McCutchen & Co. for collection merely, they cannot be held liable unless the plaintiffs have been injured by some negligence or failure of duty by McCutchen & Co. The withdrawal of the order before receipt of the money, or before it became subject to the control of McCutchen & Co., would be a revocation of authority to collect, or might be fairly so regarded by them.

The refusal of this prayer denied to the defendant the benefit of the law applicable to this branch of his defence, and was erroneous.

The judgment will be reversed and a new trial awarded.