# A CASE ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## OCTOBER TERM, 1883.

---

### J. L. COMBS *v.* R. J. BLACK ET AL.*

1. **WITNESS.** *Suit by firm. Member deceased. Testimony of adverse party.*
   In a suit by a firm, one member of which is dead, the defendant may testify as to transactions affecting the contract sued upon, though the same may have occurred between himself and the deceased co-partner.

2. **SAME.** *Whether suit by or against estate of decedent.*
   Such suit is not by or against the estate of a deceased person, and hence the adversary party is a competent witness therein in his own behalf. *Love* v. *Stone,* 56 Miss. 449, cited, and. *McCutchen* v. *Rice & Co.,* 56 Miss. 455, explained.

APPEAL from the Circuit Court of Yalobusha County.

HON. W. S. FEATHERSTON, Judge.

Menken Brothers brought this action against J. L. Combs on a draft drawn upon him in their favor by F. M. Duke, and conditionally accepted by the defendant. At the trial Combs offered to testify in his own behalf to show the circumstances of his acceptance of the draft sued on, and that the contingencies upon which he promised to pay the same had not happened. The defendant's proffered testimony had reference, partly, to transactions which

---

* This case was decided by the court, composed of Campbell, Chief Justice, and Chalmers and Cooper, Associate Justices. It should have been reported in 61 Miss. Rep., but seems to have escaped the attention of the reporter of that volume.

occurred between himself and Leopold Iglaner, then a member of the firm of Menken Brothers, but who was dead at the time of the trial. Its admission was objected to on the ground that it tended " to establish the witness' own claim against the estate of a deceased person." The objection was sustained and the testimony excluded.

While the litigation was pending in the circuit court the claim sued on was assigned to R. J. Black and Benjamin Eismon, and upon their application they were substituted as plaintiffs in the case.

The verdict and judgment were in favor of the plaintiffs, and the defendant appealed.

*Fitz-Gerald & Whitfield*, for the appellant.

Until the court below refused to allow Combs to testify in the case we had no reason to doubt his competency. Had the suit been by the surviving partners of Menken Brothers as to transactions with the deceased partner, Iglaner, alone, Combs, perhaps, would not be a competent witness, upon the principle asserted by this court in *McCutchen* v. *Rice*, 56 Miss. 455, " that when one of the parties to a litigated obligation or claim has been silenced by death the other shall be silenced by the law." It would seem to be the spirit and reason of the law where the transaction was with a deceased partner alone, the party so having the transaction would not be a competent witness for himself in a suit against him by the surviving partners of the firm. *Hanna* v. *Way*, 77 Pa. St. 30.

This, however, is not a suit by the surviving partners, and if it were the objection as to the competency of Combs could only extend to the matters of which Iglaner, the deceased partner, had personal knowledge, and in regard to which, if living, he could testify.

If Combs was a competent witness he had a right to be heard by the jury. That he was a competent witness as to all the matters that need explanation has been over and over again decided by this court. *McCutchen* v. *Rice*, 56 Miss. 455 ; *Lover* v. *Stone*, Ib. 449 ; *Faler* v. *Jordan*, 44 Miss. 286 ; *Witherspoon* v. *Prewell*, 47 Miss. 574 ; *Lamar* v. *Williams, Admr.*, 59 Miss. 347 ; *Griffin* v. *Lower*, 37 Miss.

*Slack & Longstreet*, for the appellees.

Comb's testimony was totally incompetent because he had his alleged conversation with Iglaner, one of the firm of Menken Brothers, who was dead at the time of the trial. This court has expressly so decided in *McCutchen* v. *Rice & Co.*, 56 Miss. 455; see also *Hanna* v. *Way*, 77 Pa. St. 30.

*R. H. Golladay*, on the same side.

In *McCutchen* v. *Rice*, 56 Miss. 455, the suit was by one firm against the survivor of another firm on a partnership transaction with the latter firm, the transaction having occurred between the plaintiffs and the living member sued. But here the transaction was had between Combs and the dead partner, Iglaner, the survivors having no personal knowledge of the transaction, and the suit is by the survivors, for themselves and dead partner, on a claim due to the firm, and the plaintiffs being deprived of the testimony of Iglaner, between whom and Combs the transaction was had, Combs seems clearly incompetent on principles approved in the case cited and cases cited in the opinion in that case. Combs' testimony was intended to defeat recovery against him by a decedent.

CHALMERS, J., delivered the opinion of the court.

It was decided in *McCutchen* v. *Rice*, 56 Miss. 455, that in a suit by or against a firm, one member of which was dead, the adversary party was not an incompetent witness in his own behalf. In that case the transaction as to which the party proposed to testify had occurred with the surviving member of the firm, and because some stress was laid in the opinion upon this fact, the circuit court in the case now before us hold that where the transaction about which the adverse party proposed to testify had occurred between the witness and the deceased member of the firm, the former was incompetent to testify. This was erroneous, as is shown by the case of *Love* v. *Stone*, 56 Miss. 449. It was there declared that the test in this class of cases is whether *the estate* of a deceased person is the subject-matter of the litigation then pending. If it is the adversary party is incompetent, but he is not rendered so because of the fact that the estate of a deceased person may be-

come ultimately liable in another suit by reason of the result reached in the suit then on trial. The estate of the deceased partner is not the subject-matter of a suit by or against the firm of which he was a co-partner while living, and hence its ultimate liability to the surviving members of the firm will not render the adversary party to such suit an incompetent witness.

In this case Combs, though a party to the suit, was a competent witness in the suit brought against him by the firm of Menken Brothers, notwithstanding the fact that he proposed to testify as to occurrences between himself and Iglaner, the deceased member of the firm.

*Reversed and new trial awarded.*