No. 965.

## Wood v. Stewart, Surviving Partner, Etc.

Witness.—*Competency to Testify to Payments Made to Deceased Partner.—Account.—Partnership.*—In an action by a surviving partner on an account owing the partnership, the defendant is a competent witness to testify as to various payments made by him, on the account, to the deceased partner, such witness not coming within the inhibition of section 506, R. S. 1894, relating to decedents' estates.

Costs.—*As to Unnecessary Witnesses.— How Taxed.—Discretion.*— Courts generally have a wide discretion as to taxation of costs, but when it is made to appear that a party unnecessarily brings witnesses into court without using or offering to examine them, such party can not recover the costs occasioned by his unnecessary act, from the opposite party.

From the Boone Circuit Court.

*R. W. Harrison,* for appellant.
*A. J. Shelby,* for appellee.

Reinhard, J.—Stewart, as surviving partner of the firm of Stewart & Brother, sued the appellant on a book account, and recovered of him a judgment for $75.28. The overruling of the appellant's motion for a new trial is assigned as error.

On the trial, the appellee was a witness in his own behalf, and testified that the books of the firm showed the appellant to be indebted to the firm in the sum of about $77, and subsequently admitted that Wood was entitled to a small credit on the account.

At the proper time, appellant offered himself as a witness in his own behalf, and proposed to testify to various payments made by him, on the account, to the deceased partner, William H. Stewart. The testimony was excluded upon the ground that Wood was incompetent

to testify to any transactions that occurred between him and the deceased partner.

The court, in ruling upon the competency of the witness, stated its view of the law to be that where a party has a transaction with any individual, and that individual is dead, he can not testify to that transaction; that as to such individual transaction the mouth of the witness must be sealed, but that as to transactions had with the other member of the firm, the witness would be competent.

This ruling of the court was made a cause in the motion for a new trial. It was clearly erroneous. *Nicklaus* v. *Dahn*, 63 Ind. 87.

No statute has been cited rendering the appellant incompetent to testify in such a case. The action is not against the estate of the deceased partner, nor would his administrator be a proper party to this action.

The provisions of the statute by which parties are prohibited from testifying in cases in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent (R. S. 1894, section 506), are therefore not applicable.

Under the code, ''all persons, whether parties to or interested in the suit, shall be competent witnesses in a civil action or proceeding, except as herein otherwise provided.'' R. S. 1894, section 504.

The case before us does not come within any of the exceptions.

Counsel for appellee's only contention is that the error was cured by the subsequent testimony of the appellant upon the same subject.

One Ira E. Harrison, who, at the time, had the account for collection, was called as a witness for the appellee, and testified to some conversations had with the appellant relative to the account in suit, and the

credits which the appellant then claimed on the same. In rebuttal, the appellant was called and testified in relation to the same conversations, and as to what he said to Harrison concerning such credits. He was not asked, and did not testify, as to what the facts were with regard to such payments. This testimony could be considered by the jury, only upon the question of whether or not he had made such admissions to Harrison as the latter testified to. It was not proof of the fact of a payment having been made. The appellant had a right to testify to any payments made by him to either of the partners.

The appellant, at the proper time, also moved to tax the costs of three witnesses, to wit, George W. White, Reason C. Garrett, and Henry S. Shirley, to the appellee. He showed, by his affidavit, that these witnesses were summoned and brought into court by the appellee, but were not, nor was either of them, offered, used or examined as a witness. There is nothing in the record to contradict or deny the averments of the affidavit.

We think the motion should have been sustained.

Courts generally have a wide discretion as to taxation of costs, but when it is made to appear that a party unnecessarily brings witnesses into court without using or offering to examine them, such party can not recover the costs occasioned by his unnecessary act, from the opposing party.

The judgment is reversed, with directions to sustain the appellant's motion for a new trial, and to sustain the appellant's motion to retax the costs of the witnesses named, and for further proceedings.

Filed Feb. 24, 1894.