Turner v. Huggins.

## TURNER *et al. v.* HUGGINS.

## (*Knoxville.*   September Term, 1914.)

**WITNESSES.   Testimony against representatives or survivors of decedent.   Partners.**

Under Shannon's Code, sec. 5598, providing that in actions by or against executors, in which judgment may be rendered for or against them, neither party can testify against the other as to any transaction by the testator unless called thereto by the opposite party, the maker of a note to a partner in whose name the firm business was done, sued by the surviving partners, to whom the note had passed by operation of law, might testify as to a payment to the deceased partner; and the fact that one of the surviving partners, as executor of the deceased partner, was joined as complainant was immaterial, since the statute contemplates only the proper parties to the record, and the executor was only a nominal and unnecessary party.

Code cited and construed:   Sec. 5598 (S.).

Cases cited and approved:   McCutchen v. Rice, 56 Miss., 455; Bragg v. Clark, 50 Ala., 363; Hayward v. French, 12 Gray (Mass.), 453; Clapp v. Hull, 18 R. I., 652; Tremper v. Conklin, 44 Barb., 456; Hess v. Lowrey, 122 Ind., 225; Wood v. Stewart, 9 Ind. App., 321; Dodds v. Rogers, 68 Ind., 110; Grange Association v. Owens, 86 Tenn., 355; McBrien v. Martin, 87 Tenn., 14.

Cases cited and distinguished:   Combs v. Black, 62 Miss., 831; Oram v. Rothermel, 98 Pa., 300.

---

FROM JEFFERSON.

---

Appeal from the Chancery Court of Jefferson County.—HAL H. HAYNES, Judge.

PICKLE, TURNER & KENNERLY, for appellants.

McCANLESS & COLEMAN, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The bill of complaint was filed in this cause by W. R. Turner, executor of W. R. Maynard, deceased, and by G. W. Pickle and W. R. Turner as surviving partners of a firm composed of G. W. Pickle, W. R. Turner, and W. R. Maynard, doing business under the name of the latter, ''W. R. Maynard,'' to recover of defendant Huggins as maker of a note payable on its face to W. R. Maynard. It is alleged that the note was, when executed, and ever since has been, the property of the partnership so composed and conducting business; that Maynard died leaving a will by which he bequeathed to Turner all his right, title, and interest in the partnership assets for the purpose of winding up its affairs, and appointed Turner executor, and, further, that the note sued on came into the hands of Turner as executor, and also as one of the surviving partners of the firm.

Defendant Huggins, under plea of payment incorporated in his answer, testified that the note had been paid in full to Maynard, by him in person, to which testimony complainants interposed an objection that the witness was incompetent to depose on the point, under our statute relating to transactions with decedents.

The statute invoked as a shield is Code (Shannon) Sec. 5598, which is as follows:

"In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party."

The note, which was on and after its execution the property of the firm, passed by operation of law to the two surviving members of the firm, Pickle and Turner.

The question for solution is whether Huggins, the maker, as a party defendant in this suit, may be allowed to testify against the proper and necessary parties complainant, the surviving partners, as to payment made by him to Maynard, the deceased partner.

The statute, differing in phraseology from those on the same subject-matter in some of the other States, is specific in its description of the class of representatives of a decedent who in such case may be protected against testimony adversely offered—executors and administrators. Neither of complainants is entitled to the note by reason of any such representative relationship.

May they be shielded as surviving partners? Protection given in terms to executors and administrators does not extend to surviving partners in jurisdictions

where, as in this State, the statute is not given a liberal construction.

Surviving partners are not such representatives of the deceased partner's estate, even though the matter in issue be a partnership right, where the statute disqualifies one as a witness in defense against the estate of a decedent. *McCutcheon* v. *Rice,* 56 Miss., 455; *Combs* v. *Black,* 62 Miss., 831; *Bragg* v. *Clark,* 50 Ala., 363; *Hayward* v. *French,* 12 Gray (Mass.), 453; *Clapp* v. *Hull,* 18 R. I., 652, 29 Atl., 687; *Tremper* v. *Conklin,* 44 Barb. (N. Y.), 456, affirmed 44 N. Y., 58; *Hess* v. *Lowrey,* 122 Ind., 225, 23 N. E., 156, 7 L. R. A., 90, 17 Am. St. Rep., 335.

Thus a defendant in an action by a surviving partner on an account may testify as to payments by him to a deceased partner. *Wood* v. *Stewart,* 9 Ind. App., 321, 36 N. E., 658; *Dodds* v. *Rogers,* 68 Ind., 110.

The factor of unity which, on devolution by reason of the death of one of the partners, excludes his personal representative from participation in the title holding and in the liquidation of the firm's affairs is a strong argument in support of the theory that underlies the cases cited above.

The argument in behalf of appellants is that the testimony may have the effect to render ultimately liable the deceased partner's estate to the other members of the firm. The supreme court of Mississippi responded to this argument: ·

"The estate of the deceased partner is not the subject-matter of a suit by or against the firm of which

he was a copartner while living, and hence its ultimate liability to the surviving members of the firm will not render the adversary party to such suit an incompetent witness." *Combs* v. *Black*, supra.

We need not consider whether the decree rendered in this cause could bind the estate of the deceased partner in a suit brought by the surviving partners, as a further test of the validity of the argument, as to which, however, see *Hess* v. *Lowrey*, supra.

It has been noted that the executor of Maynard, deceased, was joined as a party complainant. This cannot effect a different result. The statute quoted above has in contemplation, not interested persons, but proper parties on the record. *Grange Association* v. *Owens*, 86 Tenn., 355, 7 S. W., 457; *McBrien* v. *Martin*, 87 Tenn., 14, 9 S. W., 201.

The defendant was not rendered incompetent by such joinder, since the executor was but a nominal or unnecessary party. *Oram* v. *Rothermell*, 98 Pa., 300.

In the case last cited, Mr. Justice Paxson said:

"The executors were unnecessary parties, and had no business upon the record. When John B. Douty died, his interest in the lease passed to his surviving partner. The executors had nothing to do with it except to see that the surviving partner accounted for its value. The plaintiffs could not, by having improper parties placed upon the record, deprive the defendants of the right to be examined as witnesses, if otherwise entitled thereto."

The chancellor in permitting defendant to testify on the point of payment made did not err, and his decree is affirmed.