# JOSEPH M. WAGGONER v. WILLIAM GUMMERUM AND ANOTHER.[1]

May 23, 1930.

No. 27,835.

*Donohue, Quigley & Donohue* and *Watson, Johnson & Nevius,* for appellants.

*J. B. Himsl,* for respondent.

[1]Reported in 231 N. W. 10.

TAYLOR, C.

Plaintiff's daughter, Irene Waggoner, was killed in an automobile accident. Plaintiff as special administrator of her estate recovered a verdict of $6,000 against the defendants on the ground that the accident was caused by their negligence. They appealed from an order denying their alternative motion for judgment non obstante or for a new trial.

All the persons concerned in the accident were residents of the city of St. Cloud and were friends and associates. Defendant Gummerum owned an Oakland roadster. Defendant Luckemeyer had a Buick coupé owned by his father but which he seems to have used as if it were his own. Each frequently drove the car of the other. Luckemeyer was keeping company with Irene Waggoner, and she frequently went riding with him. On the afternoon of Sunday, November 4, 1928, Gummerum, Luckemeyer and Miss Waggoner in Gummerum's car drove several miles to a farmhouse and then drove to the village of St. Joseph about eight miles from St. Cloud. At St. Joseph, by previous arrangement, they met another party consisting of Mr. Rau, Mr. McDonald and Miss Weisman, who had driven there in Luckemeyer's car. They remained in St. Joseph for about two hours, and then both parties started for St. Cloud on a paved trunk highway. Luckemeyer, Miss Waggoner and Gummerum were in the Oakland car with Luckemeyer driving. The other three were in the Buick car and were the first to start. Luckemeyer passed the Buick car and continued down the highway at a speed of 40 to 45 miles an hour. About a mile and a half from St. Joseph he turned so far to the left in passing another car that his left wheels were on the shoulder, and when he turned to go back onto the pavement the car shot across the pavement into the ditch on the right-hand side. Miss Waggoner was killed, and Gummerum was seriously injured. Luckemeyer escaped with comparatively slight injuries.

Defendants claim that Miss Waggoner was guilty of contributory negligence as a matter of law. This claim is based on the fact that she made no protest at the rate of speed, and on the further fact

that on arriving at St. Joseph they went to a soft drink parlor and Luckemeyer drank a glass of home-brew, a kind of beer, and that later they again visited the soft drink parlor and Luckemeyer drank two glasses of home-brew or near-beer. Both defendants testify emphatically however that Luckemeyer was not intoxicated nor under the influence of intoxicating liquor in any degree. That Miss Waggoner was with Luckemeyer when he drank the home-brew and thereafter rode with him and made no protest when he drove at a rate of 40 to 45 miles an hour on a level paved highway will not justify the court in saying that she was guilty of contributory negligence as a matter of law. The question of contributory negligence was submitted to the jury, and they decided it against defendants.

Defendants made an offer to prove by their own testimony that Miss Waggoner made no complaint or protest concerning the manner in which the car was driven and urge the exclusion of this testimony as error. The statute prohibits a party to the action from testifying to a conversation with or admission by a deceased person. The statute cannot be avoided by indirection. The inhibition applies as well to testimony that a deceased person did not make certain specified statements as to testimony that he did make such statements. Morrow v. Porter, 161 Minn. 396, 202 N. W. 53; Theodore Wetmore & Co. v. Thurman, 121 Minn. 352, 141 N. W. 481; Redding v. Godwin, 44 Minn. 355, 46 N. W. 563. Cases cited by defendants to the effect that testimony of acts of the deceased is admissible are not authority for the admission of testimony of the character offered. The ruling was correct. However both defendants had previously testified without objection that no directions as to the driving of the car had been given by anyone, and both parties apparently tried the case on the theory that Miss Waggoner had made no protest.

Defendants urge that the verdict is excessive. The damages recoverable by the next of kin are limited to a sum which will fairly compensate them for the pecuniary loss which will result to them from the death of the deceased. 2 Dunnell, Minn. Dig. (2 ed.) § 2617, and cases. Irene was 23 years of age. She had always

lived at home and assisted in the housework. The family was large, eight other children living at home. The father had conducted a grocery store and meat market but was in debt and had closed out his business prior to February, 1929. During the time he was engaged in this business, a period of four and one-half years, Irene worked in the store and kept the books. She was paid no wages but received five or six dollars a week, out of which she clothed herself and paid her personal expenses. Her father places the value of her services in the store at $80 or $85 a month. When the store was closed out she obtained employment with the Diamond Motor Company and received about $70 a month, of which she gave $20 or $25 a month to her mother. Her father says that the work she did in the home was ample compensation for her board at all times. Her mother was ill and did not appear at the trial. The family live in a rented house; the father has no property and had been out of work for two months at the time of the trial. It was the province of the jury to determine the amount to which her parents were entitled as compensation for their pecuniary loss. The verdict is large, but the trial court permitted it to stand; and we have reached the conclusion that it is not so clearly excessive as to warrant this court in setting it aside as rendered under the influence of passion or prejudice.

In their assignments of error defendants specify certain statements made by counsel for plaintiff in his argument to the jury as constituting misconduct. They are not urged very seriously, and considered in connection with the matters to which they relate are not of sufficient importance to require discussion.

Defendants also complain of portions of the charge and of the failure of the court to give certain requested instructions. The charge was full, fair, clear and correct. We find nothing in it to criticize. It fully and correctly covered the requests of the defendants so far as such requests were correct.

The order is affirmed.