# JOSEPH T. HARTEL v. C. MARY WARREN AND ANOTHER.[1]

February 21, 1936.

No 30,657.

*Sweet, Johnson & Sands,* for appellants.
*R. B. Brower,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action by the special administrator of the estate of Mae Elizabeth Hartel, deceased, for the recovery of damages for her wrongful death.

The decedent received fatal injuries while riding as a guest passenger in an automobile owned by defendant C. Mary Warren and operated by her son, Ralph E. Warren, also a defendant. It is conceded that the automobile was a "family car."

[1]Reported in 265 N. W. 282.

The pertinent facts are as follows: The defendant Ralph Warren and the decedent were very close friends and often went driving together. On the evening of August 29, 1933, the decedent and the defendant Ralph Warren drove from St. Cloud to Cold Spring to attend a gathering of young people. From Cold Spring they drove to Richmond and then back to Cold Spring. At approximately midnight the two of them started to return to St. Cloud about 18 miles distant. Sixteen miles of the road was graveled and the rest cement. Defendant had driven the car the entire evening and was driving it on the return journey. Near St. Cloud they turned off the gravel road onto the cement highway leading into the city over certain railroad tracks. As they were approaching the tracks at about 50 to 60 miles an hour, defendant saw directly ahead what he believed to be the rear lights of another car. In order to avoid striking this car he turned to the left. In so doing the left wheel of his automobile caught something and pulled the car farther over and off the planks on the crossing. After the car got onto the rails defendant lost control, and the car struck a signal box on the opposite side of the track, thereafter turning completely over. Decedent died a few hours later as a result of injuries there sustained.

The jury returned a verdict for plaintiff in the sum of $6,800. Defendants moved in the alternative for judgment notwithstanding or for a new trial. The court entered an order denying defendants' motion on condition that plaintiff consent to a reduction of the verdict to $6,000, which plaintiff did. Defendants appeal.

Three questions are presented:

(1) Did the court err in instructing the jury that decedent was not guilty of contributory negligence?

(2) Did the court err in instructing the jury that deceased had not assumed the risk?

(3) Is the verdict as reduced excessive?

■ Defendants' contention that the court erred in not submitting the question of decedent's contributory negligence to the jury is without merit. Defendants urge that the fact that decedent had

been driving with defendant Ralph on numerous occasions, was acquainted with his manner of driving, and had driven with him that same evening before the accident, at the same or a greater rate of speed, apparently without protest, and was driving with him on the return journey to St. Cloud without protest, constituted contributory negligence on her part or such evidence thereof that the question should have been submitted. We cannot concur. The facts in this case, viewed in the most favorable light for defendants, are not such as to make a question of fact. Decedent apparently did have, and had a right to have, confidence in defendant's driving. It was a clear night. The paved road was fairly level. At that time of the night there was little or no traffic on the highway. There was nothing to warn decedent of impending danger. She was under no duty to keep a lookout and had a right to rely on defendant's driving with regard for her safety. His failure to observe the rear lights of the automobile until he was compelled to make the sudden turn which resulted in the accident was an act or omission to act on his part which could not be anticipated by her from the mere fact that he was driving at a speed of 50 to 60 miles an hour.

The instant case falls within the rule of Wicker v. North States Constr. Co. Inc. 183 Minn. 79, 235 N. W. 630, 632, wherein this court held that plaintiff, a passenger, was not guilty of contributory negligence, under the circumstances there presented. The court said of the conduct of the plaintiff [183 Minn. 84]:

"There was nothing to warn her of any approaching danger. She apparently had confidence in her husband's driving. We see no reason why a wife riding with her husband is required to be on watch at all times. It occurs to us that an ordinarily normal, prudent woman under such circumstances would do about as Mrs. Wicker did, and she would not be expected to be constantly on guard to avoid dangers which the driver should discover."

This language is peculiarly applicable to the circumstances in this case. No further comment is necessary.

What has been said with regard to the question of contributory negligence applies with equal force to the allegation of assumption

of risk. It should be added, however, that we are unwilling to follow the decisions of those courts which have gone so far as to hold a guest guilty of assumption of risk who fails to protest a rate of speed merely because it is in excess of the lawful rate. Wagenbauer v. Schwinn, 285 Pa. 128, 131 A. 699. Compare Restatement, Torts, § 495. We cannot approve of a doctrine which holds that failure to make such protest constitutes acquiescence in negligence of such nature as to preclude recovery from a negligent driver.

We conclude that in this case, as a matter of law, there is no merit to the defenses of either contributory negligence or assumption of risk. Therefore it was not error for the court to eliminate those issues in its instructions to the jury. Wolter v. Armstrong Tel. Exch. Co. 152 Minn. 492, 189 N. W. 431. The manner in which the court instructed the jury as to the law in this respect and detailed the facts respecting the rights of a guest passenger and her lack of control over the car, while unnecessary, was not prejudicial.

The verdict was for $6,800, reduced to $6,000. It is not excessive. Decedent was 19 years of age and a high school graduate. She was strong and healthy. She worked at home, replacing a maid. The annual value of her services was between $400 and $500. She was obedient, home-loving, and affectionate toward her father and mother, sister, and brothers. The verdict is not out of line with previous verdicts sustained by this court. Waggoner v. Gummerum, 180 Minn. 391, 231 N. W. 10; Christensen v. Pestorious, 189 Minn. 548, 250 N. W. 363. It is not so large as to indicate either passion or prejudice.

The order is affirmed.