**Frank WINSTON, Administrator of the Estate of Lois Imogene Meade Glenn, deceased, on behalf of Danny Lee Glenn, Janie Glenn and Kathy Glenn, the surviving children of said deceased, Plaintiff,**

v.

**Freddie ROE, Bristol, Virginia, Defendant.**

**Civ. A. No. 1791.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Aug. 16, 1965.

On Motion to Reconsider Sept. 16, 1965.

---

* 12 P.S. §§ 2082–2089.

David S. Haynes, Bristol, Tenn., and William H. Cate, Kingsport, Tenn., for plaintiff.

Charles M. Gore, Bristol, Tenn., and Herbert R. Silvers, Greeneville, Tenn., for defendant.

NEESE, District Judge.

This is a removed wrongful death action. A trial by jury resulted in a verdict for the defendant. The plaintiff filed seasonably a motion for the vacation of the judgment herein and the granting of a new trial. Rule 59, Federal Rules of Civil Procedure.

*Inter alia,* the plaintiff claims that the Court erred in charging contributory negligence, and having thus erred, compounded the error by refusing his request to charge also remote contributory negligence. The Court concurs in the assertion that there was error in the jury charge.

The difficulty arises herein from a proper application of the so-called Tennessee "Dead-Man's Statute", T.C.A. § 24–105. The plaintiff's decedent was riding as the lone guest passenger (and as the only passenger) in the defendant's

automobile when she was killed. The terminal portion of the parties' trip in the automobile lasted only a few seconds or minutes, long enough for the vehicle to approach, cross and leave a highway bridge. The vehicle then went out of control and wrecked; the plaintiff's decedent, was killed apparently instantaneously.[1]

The Court sustained the plaintiff's objection to the defendant's relating before the jury any conversation between the two parties but permitted the defendant to testify, over objection, that there was no conversation between the plaintiff's decedent and the defendant from the start of the brief trip to its tragic end.

The Court was misled into error by language appearing in Tennessee decisions which seemed to hold that the surviving party under such circumstances was competent to testify as to the factual history of the event in which the plaintiff's decedent was involved. McKamey v. Andrews, C.A.Tenn. (1955), 40 Tenn. App. 112, 289 S.W.2d 704, certiorari denied (1955).[2] The evidence of the silence of the plaintiff's decedent, from which the jurors might have inferred that she was contributorily negligent in failing to make outcry against the manner of the defendant's operation of his automobile, was the only evidence in this record from which they might have inferred contributory negligence on her part. In other words, admission of testimony that the plaintiff's decedent did not speak at the crucial time, under these peculiar circumstances, became positive evidence, if believed by the jurors. It is significant to this conclusion that there was no evidence of matters and things occurring prior to the start of the trip which, if present, might have provided corroboration for any contributory negligence of the plaintiff's decedent.

A subsequent expression of the Tennessee Court of Appeals provides for this Court a statement of the Tennessee rule with more clarity. There it was written:

"It will be observed that the Court [in Newman v. Tipton (1950), 191 Tenn. 461, 234 S.W.2d 994, 997] said that the statute [T.C.A. sec. 24–105] would apply in tort actions 'in which the plaintiff undertakes to relate conversations and transactions had with the deceased' but that it would not apply where the plaintiff in an action ex delicto does not undertake to testify to such matters but confines his testimony to 'that which is open to the unrestricted observation of any and all persons' * * *.

"The policy of the statute is to provide that, when one of the parties to a litigated transaction is silenced by death, the other shall be silenced by law. * * * It will be observed that the statute simply excludes proof of transactions with or statements by the deceased, but does not make the surviving party incompetent as to other matters.

\* \* \* \* \* \*

"The view indicated is supported by [cited cases from other jurisdictions], all of which involved the right of the survivor of an automobile accident to testify, in an action against the driver's estate, as to events leading up to the accident, the place where it occurred and the plaintiff's observation of the driver's movements and his manner of operating the

1. In any event, she made no statement after the accident.

2. Five actions and cross-actions were involved in McKamey. The trial judge admitted the post-accident statement of one driver involved, who died between the time of the accident and the time of the trial, as being a part of the res gestae. Although there was objection to this testimony, counsel failed to ask for an instruction to the jury that the admission of the decedent that she did not see the on-coming cars was not admissible in some of the cases, even if admissible in others, and that the admission was competent only in two of such actions in which the administrator was not a party. However, McKamey does not hold that any pre-accident statement, or silence, of the decedent is admissible as part of the res gestae, or even that such statement, or silence, was admissible in a case in which the decedent's personal representative was a party.

automobile. In all of these cases, at least one of which was a guest case, the testimony was admitted under statutory provisions similar to ours on the following or similar reasoning:

> " 'We do not regard these questions and answers as dealing with a personal transaction or communication with decedent. They are the history of an event in which the decedent, with others, was involved, but not one personal between him and the witness.

> \* \* \* \* \* \*

> " 'The acts of Woolston, Jr., would have naturally been the same, had McCarthy not been present. They did not arise primarily in any transaction or communication between them. If McCarthy, sitting on the rear seat, had said anything to the witness in the matter of giving warning or direction as to the operation of the car, he would have been prohibited from testifying on that subject. [Citation.] Very likely, too, his testimony as to where McCarthy was seated in the car, or *what the latter did after being invited to ride, would have been incompetent.* [Emphasis supplied.] But as to the acts of the other driver and his own in the emergency confronting him, and the physical conditions present, we think he was competent to testify. \* \*'
> McCarthy v. Woolston, 210 App.Div. 152, 205 N.Y.S. 507." Christofiel v. Johnson, C.A.Tenn. (1956), 40 Tenn. App. 197, 290 S.W.2d 215, certiorari denied (1956).

■ On more mature reflection, this Court is now of the opinion that the rule in Tennessee is that where a guest passenger involved in a motor vehicle accident is silenced by death, the Tennessee "Dead-Man's Statute", T.C.A. § 24–105 renders inadmissible any testimony as to all which the deceased did, or did not do, after being invited to thus ride. Certainly, if the Tennessee courts have held

that evidence of what such a guest passenger did after being invited to ride is incompetent, they would also hold that evidence of what such a guest passenger did not do after being invited to ride is likewise incompetent. This appears to be the specific ruling in other jurisdictions, thus:

In Waggoner v. Gummerum (1930), 180 Minn. 391, 231 N.W. 10, a wrongful death action in which the plaintiff's decedent had been killed in an accident while riding in an automobile owned by one defendant and driven by the other, it was held that the trial court did not err in refusing an offer of the defendants to prove by their own testimony that the decedent made no complaint or protest concerning the manner in which the automobile was being driven at the time of the accident, the Court saying that the statute prohibited a party from testifying to a conversation with or admission by a deceased party, that the inhibition applied as well to testimony that a deceased person did not make certain statements as to testimony that he did, and that the statute could not be avoided by indirection. 77 A.L.R.2d 676, 726, Witness, Competency, Death Actions, sec. 13.

■■ It results that the Court erred in permitting the defendant to testify that the plaintiff's decedent remained silent during the trip which culminated in the accident and her death, and that there was no competent evidence to support the Court's charge as to contributory negligence.[3] The plaintiff's motion for a new trial hereby is Granted, and the clerk will assign dates for any retrial of this action after consulting with counsel.

### On Defendant's Motion to Reconsider

The Court has reconsidered the legal questions underlying its opinion and order for a new trial herein and remains of the opinion that the plaintiff is entitled to a new trial.

In Hale v. Kearly (1874), 67 Tenn. 49, Kearly's widow brought a wrongful death

---

3. Such conclusions render further consideration of the plaintiff's motion redundant.

action in the name of the administrator of her husband's estate when the latter declined to do so. The defendant Hale was permitted to testify as to the circumstances surrounding the killing but not as to any conversation in which the deceased engaged. This did no violence to the "Dead-Man's statute", T.C.A. § 24–105.

 It is proper to exclude testimony relating to transactions with or statements by the decedent, where the decedent's personal representative is a party litigant. Patton v. Hardison, C.A. Tenn. (1936), 20 Tenn.App. 585, 599, 101 S.W.2d 698 [7], certiorari denied. The testimony of the defendant Roe as to what, or whether any, conversation occurred in the premises, therefore, should not have been admitted. Newark Insurance Company v. Seyfert, C.A.Tenn. (1964), 392 S.W.2d 336, 345 [5], certiorari denied (1965), citing Kurn v. Weaver, C.A.Tenn. (1940), 25 Tenn.App. 556, 580, 161 S.W.2d 1005, 1021 [25], certiorari denied (1940).

In the case at bar, the cause of action is that of the plaintiff's decedent, brought by her personal representative. The plaintiff-administrator was authorized to assert whatever action his decedent had, and any recovery is not in his right, but in the right of the decedent. T.C.A. § 20–607; Southeastern Aviation Inc. v. Hurd (1962), 209 Tenn. 639, 355 S.W.2d 436; Memphis Street Ry. Co. v. Cooper (1958), 203 Tenn. 425, 313 S.W. 2d 444. Thus, this plaintiff-administrator was as much entitled to be protected against the testimony erroneously admitted by the Court as would have been the plaintiff's decedent, if she had brought the action herself. Turner v. Huggins (1914), 130 Tenn. 181, 183, 169 S.W. 754.

This does not appear to be a proper situation in which to grant a discretionary interlocutory appeal under 28 U.S.C. § 1292(b). The purpose of that section is to expedite litigation pending in the district courts in consideration of the time and expenses of the parties where there is a controlling question of law. Steele v. Wiedemann Machine Company, C.A. 3rd (1960), 280 F.2d 380, 383 [6].

Here, there was a finding by the jury for the defendant. The Court has now decided that the submission of the factual issues to the jury was on the basis of inadmissible testimony and erroneous instructions. There is no foreseeing what the verdict of the jury would have been had the inadmissible testimony been excluded and the proper instructions given.

It is conceivable that a properly-instructed jury, having received admissible evidence, might also find for the defendant. Until this is determined, this Court is of the opinion that the proper course to be followed with the action in its present posture is to retry the issues on lawful evidence with proper instructions.

The motion of the defendant, therefore, hereby is

Denied.